## COMMERCIAL JEWELRY COMPANY v. C. D. BOWEN.[1]

### January 30, 1920.

### No. 21,568.

**Oral evidence not admissible to modify writing.**

1. Action by nonresident corporation on five small promissory notes. The answer alleged that they were given for the purchase price of certain jewelry purchased under a contract which provided that if defendant desired to discontinue handling such goods, he might return the unsold part of them and plaintiff would cancel said notes to the pro rata extent of the goods returned, and that defendant had returned goods of greater value than the amount of the unpaid notes. The reply denied all new matter set out in the answer. On the stand defendant identified the written contract. It contained no such agreement as alleged in the answer, and the court ruled he could not prove such an agreement by oral testimony. *Held*: No error. [Reporter.]

**Amendment of pleading after trial.**

2. Motion by defendant to amend answer after trial and after his motion for a new trial had been denied. *Held*: The court did not err in denying such an application at that stage of the litigation. [Reporter.]

Action in the district court for St. Louis county to recover $165 upon five promissory notes. The case was tried before Fesler, J., who granted plaintiff's motion for a directed verdict. Defendant's motion to amend the answer was denied. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*G. A. E. Finlayson*, for appellant.

*Hugh J. McClearn*, for respondent.

PER CURIAM.

Defendant appealed from an order denying a new trial after a directed verdict in favor of plaintiff.

Plaintiff brought suit on five promissory notes of $33 each. Defendant admitted the execution of the notes, and alleged as a defense thereto that they were given for the purchase price of certain jewelry purchased under a

[1]Reported in 175 N. W. 995.

contract, which provided that if "defendant desired to discontinue handling such goods, he might, at his option, at any time prior to the payment of said notes, return to plaintiff the unsold part of said goods, so delivered by plaintiff to defendant, and that plaintiff in turn would cancel said notes to the pro rata extent of the goods so returned," and that he had returned goods exceeding in value the amount of the unpaid notes. The reply denied all new matter set forth in the answer. At the trial plaintiff introduced the notes in evidence and rested. Defendant then took the stand as a witness in his own behalf, and was asked to state the agreement under which the goods were purchased, whereupon plaintiff asked him if the contract was not in writing. He admitted that it was in writing, and that the instrument presented to and identified by him was the written contract. This instrument contained no such agreement as he had alleged in his answer, and the court ruled that, the contract being in writing, he could not prove such an agreement by his oral testimony. He contended and still contends that, because plaintiff had not alleged in the reply that the contract was in writing, he had the right to prove a contemporaneous oral agreement different from the written contract, and made several offers of such proof. That the court ruled correctly in excluding this oral testimony is too elementary to require discussion.

Defendant subsequently asked leave to amend his answer, but the proposed amendment did not charge fraud in procuring the execution of the contract, and, even if it had, the court was well within its discretion in refusing to permit an amendment at that time which entirely changed the issues. Plaintiff was a nonresident, had taken the evidence in its behalf by deposition, and had no witnesses present. After defendant had made his motion for a new trial and this motion had been denied, he made another application to amend his answer. This proposed amended answer charged fraud in procuring the execution of the contract, but no error can be predicated on the denial of such an application made at that stage of the proceedings.

Order affirmed.