BENNETT, Appellant, v. BELT'S ADMINISTRATOR, Respondent.

1. A. owning the legal title to a steamboat, as to one half of which B. is the beneficial owner, made a bill of sale of one half of the said boat to C.; *held,* in a suit by B. against C.'s administrator, for a balance of the purchase money remaining due, that evidence is admissible, to show that the bill of sale was made by A. at the request of B., and was intended by the parties to convey the interest of B.

*Appeal from St. Louis Circuit Court.*

This case came originally from the Probate Court of St. Louis county, whence it was taken by appeal to the Circuit Court. Anthony Bennett, appellant, presented to the Probate Court, for allowance, against the estate of defendant's intestate, a claim for a balance of $699 43, alleged to be due to the said Bennett upon purchase of one half of the steamboat Saluda from the said Bennett. In the account presented to the Probate Court, the consideration of the said purchase was set down as being $1532 43, upon which a credit of $833 was allowed.

Upon the trial of this case in the Circuit Court, plaintiff gave in evidence the deposition of Peter Conrad, who testified that in March, 1852, he executed a bill of sale to Francis T. Belt, defendant's intestate, for a part of the steamboat Saluda; that before Belt bought, witness, Conrad, and Anthony Bennett, (appellant,) were owners of said boat in equal moieties thereof; that the whole title stood in witness' name for the convenience of Mr. Bennett; that Belt, after his purchase, paid part of the purchase money, to-wit, $833, by lifting a note made by Bennett and Conrad for that amount.

Certain questions and answers contained in Conrad's deposition, to the effect that Belt purchased his interest in the Saluda from Bennett, through Conrad; that Bennett was the owner of the one-half interest transferred by the bill of sale executed by Conrad; that the consideration was $1200 and one half the debts which the boat owed at the time of the purchase, the whole of which amounted to between $600 and $700—not to exceed the latter sum; that Belt never paid any part of the debts of the boat, assumed by him,—were stricken out on the motion of defendant, to which plaintiff excepted.

Defendant then gave in evidence the bill of sale dated March 22, 1852. It was an ordinary bill of sale of a steamboat, executed by Conrad, transfering to Belt one half of the steamboat Saluda in consideration of $1200. This bill of sale was under seal, and contained a covenant of warranty on the part of the said Conrad against all lawful claims and demands against said one half of said boat Saluda. At the foot of the bill of sale was the following in writing, and signed by the plaintiff, Bennett: "I hereby certify and guarantee the validity of the foregoing sale, and do hereby quit claim to any interest I may have had in said steamboat Saluda—day and date above written. [Signed] Anthony Bennett."

In rebuttal, plaintiffs introduced one Simmons, who testified that when Belt bought an interest in the Saluda, he took up a note for $833, given by Conrad and Bennett to one Page, a former owner of said boat, from whom said Conrad and Ben-

nett had purchased her. The balance of what Belt was to pay was to be applied 'on another note given to said Page by Conrad and Bennett, at the time of their purchase.

The cause was submitted to the court, a jury being waived, and judgment was given for the defendant.

*Krum & Harding*, for appellant.

*T. T. Gantt*, for respondent. 1. The action should have been in the name of Conrad and Bennett.

LEONARD, Judge, delivered the opinion of the court.

The plaintiff's case assumes that he was the beneficial owner of one half of the boat, the legal title to which stood in the name of Conrad, the other part owner, and that he made a verbal sale of his half to Belt, the defendant's intestate, for which the latter was to pay twelve hundred dollars and one half of the debts ; and that, in order to execute the contract on his part, Conrad, at his instance, made a written transfer to Belt of half of the boat. This is substantially the proof offered, and the court excluded the main part of it upon the ground that the written transfer of the title concluded the matter, and that it appeared by that instrument that the sale was made by Conrad and not by Bennett, and of course that the contract to pay was with him and not with the plaintiff. This, it seems to us, is a total misapplication of that very wise rule of law that forbids parties who have adopted a written memorial of their contract to contradict it afterwards by oral evidence. This bill of sale is not the written evidence of the contract between Bennett and Belt—that transaction was not put in writing ; but after it was made, the bill of sale was executed by Conrad, by direction of Bennett, as a performance of Bennett's undertaking.

The evidence ought to have been received, and the plaintiff permitted to prove the verbal contract between himself and Bennett, and to recover whatever sum he was entitled to for a breach of that contract.

The judgment is reversed, and the cause remanded.