## ATHERTON v. DEARMOND.

1. Contract: PROMISSORY NOTE: PAROL EVIDENCE. Parol evidence is not admissible to vary the terms of a promissory note.

2. —— APPLICATION OF THE RULE. In an action on a promissory note, the defendant in his answer alleged, as a defense, that he was arrested for robbery; that he employed the plaintiff, who was a lawyer, to defend him under a parol agreement between them to the effect that, if the defendant should be discharged on the preliminary examination, plaintiff should receive $100, but if he should be held to bail and indicted plaintiff should receive $300; that, under these circumstances, the note was executed for $300, under the further parol agreement that, in case of defendant's discharge on the preliminary examination, plaintiff would credit the note with $200; and that defendant was discharged on the preliminary examination. *Held*, that the facts averred constituted no defense.

*Appeal from Ringgold District Court.*

FRIDAY, FEBRUARY 23.

PROCEEDING to foreclose a mortgage given to secure a promissory note, executed by defendant to plaintiff. Ser-

vice of the original notice was made by publication, and, defendants failing to appear, default and a decree of foreclosure thereon was rendered. Defendants, subsequently appearing, claimed a re-trial, as provided for by the statute.

They filed their answer to the petition, setting out substantially that the note and mortgage were given under the following circumstances: The defendant, William Dearmond, was arrested for robbery, and held for a preliminary examination. The plaintiff was employed to defend him, under a parol agreement between plaintiff and defendant, to this effect: If the defendant should be discharged upon the preliminary examination, plaintiff was to receive $100; if he should be indicted plaintiff should be paid $300. Under this agreement the note and mortgage were executed, and a further parol agreement entered into to the effect that, in case of defendant's discharge upon the preliminary examination, the plaintiff was to indorse upon the note and mortgage a credit of $200. If defendant was not so discharged, plaintiff was to collect the whole amount. The defendant was discharged upon the preliminary examination.

To this answer plaintiff demurred, on the ground that the matters set out in the answer constituted no defense to the action. The demurrer was overruled. Plaintiff stood upon his demurrer, and a judgment was rendered thereon for defendant. Plaintiff appeals.

*Atherton & Anderson* for the appellant.

*Gregory & Rowell* for the appellees.

BECK, Ch. J. — The answer, as a defense to the action upon the note and mortgage, sets up a contemporaneous parol contract under which defendants claim a partial discharge of the instruments. This contract shows an intention of both parties, in conflict with that embodied in the

note and mortgage. It alters the conditions of the contract actually embodied in the written instruments and defeats them. It is pleaded for the purpose of contradicting and varying the contract of the parties set out in the note and mortgage. There is no principle of law more familiar than that one which declares that written contracts cannot be defeated or waived in this manner. *Gelpcke, Winslow & Co.* v. *Blake*, 15 Iowa, 387; *Pilmer* v. *The Br. St. Bank, Des Moines*, 16 id. 321; *Warren* v. *Crew*, 22 id. 315. The demurrer of defendant to the answer ought to have been sustained.

Defendant's counsel, not disputing the doctrine above stated, argue that the case is not within its scope. It is claimed that the defense set up in the answer is a partial failure of consideration and nothing more; that the contemporaeous parol contract pleaded specified the service to be rendered by plaintiff, which constituted the consideration of the note sued on, and that the failure in part of that consideration may be pleaded and proved as a defense to an action upon that instrument. It is true that a failure, a partial failure of the consideration of a note, may be pleaded as a defense to an action thereon between the original parties. Rev., ch. 76. But in the case before us the contemporaneous contract set out in the answer reaches farther than to create or specify a consideration upon which the note is based. It directly alters the terms of the contract embodied in the note and annuls, in part, its obligation. In the note, the defendants are bound to pay a sum of money without conditions. By the parol contract they are bound to pay that sum only upon the happening of a certain contingent event, and the note, by the terms of this contract, is declared to be defeated in part in case that event does not happen. It is very plain that the two contracts are in conflict and inconsistent; that the parol agreement varies and contradicts the note.

The judgment of the district court is        Reversed.