SAMUEL MORSE v. H. S. JOHNSON.[1]

April 11, 1902.

Nos. 12,940—(77).

**Sale of Personal Property.**
> In an action brought to recover a balance alleged to be due on account of the sale of certain personal property, it is *held*, upon the evidence, that it appeared conclusively that defendant purchased the property absolutely, and that a verdict, in effect, that he merely took an option to purchase, cannot be upheld.

Action in the municipal court of Minneapolis to recover $100, balance of the purchase price of a steamboat. The case was tried before Dickinson, J., and a jury, which rendered a verdict in favor of defendant. From an order denying a motion for judgment in his favor notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed, and judgment directed for plaintiff.

*Chas. J. Bartleson*, for appellant.
*George M. Bleecker*, for respondent.

COLLINS, J.

In August, 1900, plaintiff was the owner of a small steamboat,

[1] Reported in 89 N. W. 1130.

in the possession of his agent, at Lake Minnetonka. The defendant, wishing to purchase a boat, examined plaintiff's, and negotiated with the agent, who fixed the price at $125. A few days later defendant inclosed his check for $25 to the agent, with an accompanying letter, to which attention is called hereafter. The plaintiff claims that there was an absolute sale for $125; the balance of the purchase price ($100) to be paid within six months; he to retain possession of the boat until the full amount was paid. The defendant, upon the other hand, contends that he merely took six months' option, for which he paid $25. The controversy at the trial was whether the defendant paid the $25 for an option upon the boat, or purchased the same outright, at the agreed price of $125, making the $25 payment as part of the purchase price. At the trial below the court received in evidence the conversations of the parties prior to the time the letter was written, against the objection of plaintiff's counsel, who insisted that, as the contract was reduced to writing, no testimony should be introduced as to the preliminary conversations and negotiations.

We are of the opinion that it was conclusively shown that the contract was reduced to writing. Both parties were bound by defendant's letter inclosing the check, and a written receipt or agreement, signed by the plaintiff, and immediately sent to defendant. All previous conversations and verbal communications between the parties were improperly received in evidence; for the letter from the defendant and the receipt or agreement, both full and complete, constituted their contract. The previous conversations testified to by defendant were not incorporated in the writings, and must be considered as intentionally rejected by the parties.

The letter addressed to plaintiff's agent, received in evidence without objection, was as follows:

"H. S. Johnson,
    Office and Factory,
        19th Ave. N. & 1st St.
                                Minneapolis, Minn., 8, 13, '00.
    "C. F. Wheeler, Esq.,
        Tonka Bay, Minnetonka.
    "Dear Sir: Inclosed please find check for twenty-five dollars in

part payment of steamer 'Zulu.' Balance to be paid on taking possession of boat, not later than six months from date.

Yours truly,

H. S. Johnson,

B. A. Lindgren."

Mr. Lindgren was defendant's bookkeeper, and was directed by him to write a letter and to inclose the check. The plaintiff's receipt or agreement before mentioned was received and retained by defendant without objection, and was in his possession a few days before the trial. By notice, duly served, plaintiff demanded its production; but it had been lost, and thereupon secondary evidence of its contents was given. It contained a recital that the boat had been sold to the defendant for $125; the terms to be $25 cash; balance to be paid within six months from date. It did not give defendant an option to purchase. Again, it is evident from his letter that the latter understood at the time it was written that he had bought the boat outright. It is also evident from the receipt or agreement signed by plaintiff that he so understood the transaction. The writings are conclusive as to the terms of the contract, and the trial court should have so held. Either sufficiently shows that the sale was absolute, not optional. Upon them the defendant could have recovered possession of the boat, as its owner, upon the payment of $100 as stipulated.

The order appealed from is reversed, and the case remanded, with instructions to the court below to order judgment against defendant, as demanded in the complaint and in the alternative motion.