JULIA E. MOSNAT, as Executrix of the Estate of J. J. MOSNAT, deceased, v. JOSEPH UCHYTIL, Executor of the Estate of FRANCIS FTIPIL, deceased, Appellant.

**Evidence:** CONTEMPORANEOUS ORAL AGREEMENT. An unconditional
1   written agreement to pay a stated sum for services, cannot be varied by proof of a contemporaneous parol agreement that the payee should receive a different sum for the service.

**Judgment:** PENDENCY OF OTHER PROCEEDING. Where an executor filed
2   like answers to a suit in both his representative capacity and individually, it was not error to render judgment against him as executor while a demurrer to the other answer was still pending.

*Appeal from Tama District Court.*— HON. OBED. CASWELL, Judge.

TUESDAY, JANUARY 9, 1906.

SUIT on a note and to foreclose a mortgage given to secure its payment. Judgment for the plaintiff on the pleadings. The defendant appeals.— *Affirmed.*

*W. C. Scrimgeour,* for appellant.

*Randall & Harding,* for appellee.

SHERWIN, C. J.— The plaintiff is the executrix of the estate of J. J. Mosnat, deceased, and brought this suit on an ordinary promissory note given to Mosnat by Frances Ftipil, also deceased. The defendant is the executor of the estate of Frances Ftipil, as well as her sole devisee and heir. He

answered the petition in this dual capacity, filing separate answers, in both of which he pleaded that Frances Ftipil had employed J. J. Mosnat as her attorney in a criminal action wherein she was the defendant, and that she then orally agreed to pay him a reasonable amount for such services as he should thereafter render in her behalf, and that the note and mortgage sued on were given to insure payment under such agreement.  Both answers further alleged that said Mosnat rendered the services agreed upon, and that the reasonable value thereof was $300.  Both answers were demurred to on the same ground, the demurrer to the answer as executor was sustained, and, the defendant refusing to further plead as such executor, judgment was rendered for the plaintiff establishing the note as a claim against the estate of Frances Ftipil, and decreeing the mortgage a valid and superior lien on the property covered thereby, and ordering a special execution for its sale.  The demurrer to the answer as heir and devisee does not seem to have been ruled on.

The defendant urges that he pleaded a partial failure of consideration, and that the demurrer should have been overruled because of the rule that, as between the parties to the instrument or their privies, a want or failure of consideration in whole or in part may be shown by parol.  Code, section 3070; *Marsh v. Chown,* 104 Iowa, 556; *Bank v. Felt,* 100 Iowa, 680.  But the answer does not plead a want or failure of consideration. On the contrary, it alleges that the service agreed upon was fully performed, but seeks to avoid payment of the note in full by the plea that a different consideration was agreed upon.  That the execution of the note and the oral agreement pleaded were contemporaneous acts is clearly shown by the answer itself; and, that being shown, it is equally as clear that evidence supporting the allegations of the answer would necessarily tend to change the express terms of the note. That a written instrument cannot be thus varied by parol evidence is elementary.  The note was an unconditional writ-

1. **Evidence:** contemporaneous oral agreement.

ten agreement to pay eight hundred dollars for certain services. The services were fully performed, and the maker of the instrument now attempts to vary the writing by showing that there was a contemporaneous agreement in parol that the payee of the note should receive a different sum for the same service. The precise question was decided against the appellant's contention in *Atherton v. Dearmond,* 33 Iowa, 353. See, also, *Warren v. Crew,* 22 Iowa, 315; *Bealy v. Carr,* 109 Iowa, 183; Marsh v. Chown, *supra; Emigrant Company v. Clark,* 47 Iowa, 671.

Complaint is made because judgment was rendered against the estate while the demurrer to the defendant's answer as devisee was pending. The point does not merit very serious consideration. The defendant first answered as executor, and, a demurrer to that answer having been sustained, he refused to plead further as executor, but later filed the same answer as devisee. Whatever interest he acquired in the estate of Mrs. Ftipil came through her and was inferior to the plaintiff's mortgage. The defendant was in court defending his individual interests, while defending for the estate, and it is frivolous to contend that there should have been a second ruling on the same point.

2. JUDGMENTS: pendency of other proceedings.

The record shows that the judgment was rendered during a regular term of court, and this cannot be impeached by a statement to the contrary in the abstract or in the argument.

The judgment is right, and it is *affirmed.*