# LAKE HARRIET STATE BANK OF MINNEAPOLIS v. O. H. MILLER AND ANOTHER.[1]

## November 16, 1917.

## No. 20,552.

**Evidence — parol evidence to vary promissory note.**

Action on promissory note against maker and indorser. Defendant indorser offered evidence of a verbal agreement that he was not to become personally liable on his indorsement and that the president of plaintiff bank at the time of the indorsement agreed to stamp over his indorsement the words "without recourse." This was not done. *Held:* The evidence was inadmissible as its only effect was to vary the contract. [Reporter.]

Action in the district court for Hennepin county to recover $1,851 upon a promissory note. The case was tried before Fish, J., and a jury which returned a verdict for $2,153.33. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, John Devney appealed. Affirmed.

*Albert L. Hershman*, for appellant.

*McDowell & Fosseen*, for respondent.

[1]Reported in 164 N. W. 989.

138 M—31

PER CURIAM.

Defendant Miller made and delivered to defendant Devney, in payment for the latter's stock in plaintiff bank, his certain promissory note for the sum of $1,851, payable on demand after date. The note was negotiable and thereafter Devney for value and in the usual course of business indorsed and transferred it to plaintiff. The indorsement was in blank, thereby imposing an unconditional liability upon Devney. There was default in the payment and this action was brought to recover against both the maker and indorser. Defendant Devney, the indorser, interposed in defense an alleged verbal agreement that he was not to become personally liable on the indorsement and that at the time the note was so indorsed the president of plaintiff bank agreed to stamp over defendant's signature the words "without recourse," and thus give force and effect to the agreement. The agreement if made was never carried out by the president of the bank, and when the note was subsequently transferred to the bank it bore defendant's blank indorsement only. At the conclusion of the trial the court ruled that the evidence tending to show the verbal agreement, which was all objected to by plaintiff, was incompetent, because varying and contradicting the written contract as evidenced by the note and blank indorsement, and a verdict was directed for plaintiff.

In this the court was entirely right. The evidence of the verbal agreement referred to was clearly incompetent, and was properly finally rejected by the court. Its only effect was to contradict the contract, as evidenced by the blank indorsement, and was no defense to the action. Knoblauch v. Foglesong, 38 Minn. 352, 37 N. W. 586, and cases therein cited. Westman v. Krumweide, 30 Minn. 313, 15 N. W. 255, and other like cases are not in point. They are clearly differentiated in Security Nat. Bank of Minneapolis v. Pulver, 131 Minn. 454, 155 N. W. 641.

Order affirmed.