A. L. SHINNERS AND H. A. CLARK, CO-PARTNERS DOING
BUSINESS UNDER THE FIRM NAME OF BUSINESS
EXCHANGE COMPANY v. G. A. FORD.[1]

February 10, 1922.

No. 22,462.

Assignment of lease—evidence inadmissible.

Where a tenant, holding under a lease not assignable without the consent of the lessor, contracts in writing to transfer the lease with a clear title, and the lessor refuses to consent to such transfer, the tenant cannot contradict the plain import of his written undertaking by proof that when he made it the other party orally agreed to procure the requisite consent from the lessor.

Action in the district court for Ramsey county to recover $2,500 commission in the sale of a hotel business. The case was tried before Haupt, J., who at the close of the testimony granted plaintiffs' motion for a directed verdict. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Harry Weiss*, for appellant.

*Guy W. Kimball*, for respondents.

TAYLOR, C.

On March 9, 1920, defendant made an agreement with plaintiffs in the following terms:

"You are hereby appointed my sole agent and requested and authorized to negotiate the sale of, and to sell for me, the following property, for the price and terms herewith given you, and for the commission herewith agreed upon, which I agree to pay you if a sale or any disposition of the property is made directly or indirectly through your efforts and services, or if sold by myself or through any other agent during the continuance of this agency. You are hereby authorized to accept a deposit to be applied on the purchase price, and to execute a binding contract for sale on my behalf.

"Description of property: 86 room hotel, including all equipment and lease, 32 private baths, phones in all rooms and 40 with running

[1]Reported in 186 N. W. 704.

water.  Rent $800.00.  Lease 5 years from July, 1919, and privilege of five more.

"Price and terms: $27,500.00 net.

"Commission:  All over $27,500 or 5 per cent if sold for $27,500 or less.

"This agency contract shall be in force and effect until June 9th, 1920.

"I will furnish a complete bill of sale and transfer said property free and clear from all liens except as above.  If withdrawn or different terms are made to any purchaser during this agency, I will pay you your commission."

It is admitted that defendant was operating the Astoria Hotel in the city of St. Paul; that he had a written lease of the building from the Hamm Realty Company, the owner; that he owned the furnishings and equipment of the hotel; that the furnishings and equipment of the hotel and the remaining term of the lease were the property which he authorized plaintiffs to sell; that plaintiffs produced a purchaser ready, able and willing to purchase the property for the sum of $30,000; that the lease provided that the premises could not be sublet nor the lease assigned without the written consent of the Hamm Realty Company; that the Hamm Realty Company refused to permit a transfer of the lease, unless the rental was increased $300 per month for the remainder of the term, and that, solely for the reason that the Hamm Realty Company refused to consent to the transfer of the lease, the sale was not consummated.  Plaintiffs sued for their commission and the court directed a verdict in their favor.  Defendant appeals from an order denying a new trial.

Against plaintiff's objection defendant was permitted to testify to the effect that when the written contract was entered into plaintiffs orally agreed that if they found a purchaser they would procure from the Hamm Realty Company permission to transfer the lease to such purchaser.  Plaintiffs denied any agreement to that effect, but, if proof of such a contemporaneous oral agreement was admissible, this testimony was sufficient to make a question for the jury. At the close of the evidence the court struck out this testimony and

directed a verdict for plaintiffs. Whether the court erred in this ruling is the only question presented.

Defendant invokes the rule that the subject matter of the contract may be identified by parol, and that, where the writing shows that it does not embody the entire contract, parol evidence is admissible to prove those matters not covered by the writing. But it is well settled that even in such cases parol evidence is not admissible to contradict or vary those provisions of the contract which the parties have committed to writing    Sayre v. Burdick, 47 Minn. 367, 50 N. W. 245; Phoenix Pub. Co. v. Riverside Clothing Co. 54 Minn. 205, 55 N. W. 912; Minneapolis, St. P. & S. S. M. Ry. Co. v. Home Ins. Co 55 Minn. 236, 56 N. W. 815; Bell v. Mendenhall, 78 Minn. 57, 80 N. W. 843; Rooney v. Koenig, 80 Minn. 483, 83 N. W. 399; Morse v. Johnson, 86 Minn. 9, 89 N. W. 1130; Current v. Muir, 99 Minn. 1, 108 N. W. 870; Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L. R. A. (N. S.) 492; Graham v. Savage, 110 Minn. 510, 126 N. W. 394, 136 Am. St. 527, 19 Ann. Cas. 1022; McInnis v. National Casualty Co. 113 Minn. 156, 129 N. W. 125, 388; Grant v. King, 117 Minn. 54, 134 N. W. 291; Samuel H. Chute Co. v. Latta, 123 Minn. 69, 142 N. W. 1048; French v. Yale, 124 Minn. 63, 144 N. W. 451; Germain v. Great Northern L. Co. 143 Minn. 311, 173 N. W. 667; Geiger v. Sanitary Farm Dairies, 146 Minn. 235, 178 N. W. 501, 10 R. C. L. 1019.

By the written contract defendant authorized plaintiffs to sell the property at the price and on the terms stated therein and to execute a binding contract of sale on his behalf, and agreed to "furnish a complete bill of sale and transfer said property free and clear from all liens except as above." Defendant unconditionally obligated himself to convey a clear title to any purchaser produced by plaintiffs, and the claim that plaintiffs had orally agreed to cure the defect in the title is not consistent with this written undertaking. By stipulating that he would transfer the property with a clear title, defendant himself assumed the burden of doing whatever was necessary to accomplish such a transfer. And the court correctly ruled that defendant could not contradict the plain import of this stipula-

tion by showing a contemporaneous oral agreement imposing that duty, or a part of it, on the plaintiffs.

Order affirmed.