# PERCY G. SKELTON, H. H. PEEKE AND EMMA S. PEEKE v. JOHN C. GRIMM, L. H. GRIMM AND W. G. GEBHARD.[1]

October 5, 1923.

No. 23,527.

**Parol evidence to show an absolute written contract to be defeasible, incompetent.**

1. Where A contracts in writing to sell and convey land to B and simultaneously B contracts to sell and convey the same land to C, evidence tending to prove that the performance of the contract between A and B was conditional upon the performance of the one between B and C does not tend to prove a conditional delivery of the contract between A and B. It does not show that the agreement was never intended to become effective as a contract. On the contrary, it goes to prove a verbal contemporaneous agreement reducing the contract from an absolute promise to a defeasible agreement, and, therefore, such evidence is incompetent.

**Attempted cancelation of land sale contract ineffectual.**

2. An attempt to cancel a contract for the sale and conveyance of land, the mortgage registration tax not having been paid, and for that reason the attempted cancelation being considered ineffectual by both vendor and vendee, is wholly ineffectual for any purpose.

**Curative act does not cure a defective cancelation disregarded by both parties.**

3. Chapter 394, p. 548, Laws 1923, a curative act, applicable to the defective cancelation of land contracts to which it refers, does not confirm and make effectual an attempted cancelation which has been wholly disregarded by both vendor and vendee in the manner stated in preceding paragraph.

Action in the district court for Redwood county for the specific performance of a land contract. The case was tried before Olsen, J., who made findings and ordered judgment in favor of plaintiffs for specific performance of the contract and $6,000. Defendants'

[1] Reported in 195 N. W. 139.

motion for amended and additional findings was denied. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*Albert H. Enersen* and *Moonan & Moonan,* for appellants.
*Somsen, Dempsey & Flor,* for respondents.

STONE, J.

Action by vendors against vendees for the specific performance of a contract for the sale and conveyance of real estate. There were findings for plaintiffs and defendants appeal from the order denying their motion for a new trial.

1. The first defense is that there was a conditional delivery of the contract and that it was not to become effective unless another contract entered into at the same time, whereby the vendees sold the same land to a third party, was performed by the latter. Upon that defense the trial court held for plaintiffs. The contract in suit made no reference to the one between defendants and their purchaser. The evidence does not at all support the claim of conditional delivery. It does tend to prove an oral agreement that the contract between plaintiffs and defendants would not be enforced except as the one between defendants and their vendee was performed by the latter. It goes to show only that there was an oral agreement that performance would not be exacted in the event of nonperformance of the other contract. Such an agreement cannot be permitted to vary the effect or abate the force of a written contract. The rule permitting proof of nondelivery of a written contract exists because its effect is to show that there never was a contract. It is directed to the issue of no contract, and not to that of a changed contract.

Parol evidence is inadmissible to show that a payment promised absolutely in writing was in fact intended to "depend on condition" (Brown v. Spofford, 95 U. S. 474, 24 L. ed. 508); or that it was to be paid in instalments (Nalitzky v. Williams, 237 Fed. 802, 151 C. C. A. 44); or that the obligor "would not be called upon to pay it" (Ryan v. Security S. & C. Bank, 50 App. D. C. 292, 271 Fed. 366). The "essence of that doctrine" and the necessity that the condition, in order to admit the parol evidence, shall be a condition precedent

*preventing any contract,* instead of a condition subsequent *avoiding or changing a contract* actually made, was discussed, with his characteristic clearness of perception, by the late Mr. Justice Bunn, in Security Nat. Bank v. Pulver, 131 Minn. 454, 155 N. W. 641. That case was followed in Lake Harriet State Bank v. Miller, 138 Minn. 481, 164 N. W. 989. See also Samuel H. Chute Co. v. Latta, 123 Minn. 69, 142 N. W. 1048, and cases cited.

Here, no effort was made to show that the contract was not delivered as such, or that, for any other reason, it never became effective as a contract. In addition to delivery, there was substantial part performance. The first instalment of the purchase price was paid and possession was transferred to defendants. The proof was that plaintiffs promised orally that they would not enforce payment unless defendants collected the money from their purchaser. Clearly, such evidence was incompetent and properly disregarded by the trial court. The finding of unconditional delivery followed irresistibly.

2. The next defense is that the contract was canceled by the statutory notice before the commencement of this action. That defense is met by the contention of plaintiffs that such cancelation, concededly attempted, was ineffectual because of nonpayment of the mortgage registration tax. If the evidence stopped there, the result might be different. It appears however, and the trial court so found, that before the expiration of the time for cancelation, as fixed by the notice, "all the parties well knew and understood that such notice was of no effect and disregarded the same," and, thereafter, at the suggestion of defendants, the plaintiffs executed a deed of the premises and sent it to the bank for collection of the unpaid purchase price. This finding is well sustained by the evidence, a part of which is an admission by one of the defendants that he considered the contract in full force and effect at the time of the trial.

3. Another attempted defense is that chapter 394, p. 548, Laws 1923, a curative act, affecting cancelations of land contracts, confirms the attempted cancelation of the contract in suit. This contention also is untenable because the parties themselves disregarded the cancelation and considered it of no effect. The legislature can-

not be considered as having attempted to reverse or otherwise change any such voluntary action of competent contracting parties.

The order appealed from is affirmed.