# MERCHANTS NATIONAL BANK OF DETROIT v. F. R. BRYNGELSON AND ANOTHER.[1]

July 18, 1924.

No. 24,066.

**Oral testimony inadmissible to vary terms of note.**
1. Parol evidence is not admissible to show that a promissory note was not to be paid according to its terms, but only on the happening of a contingent future event and out of a special fund.

**Case not brought within any exception to the rule.**
2. The evidence does not bring the case within any of the exceptions to the rule that the terms of a written contract cannot be varied by oral testimony.

**Oral testimony of other provisions of contract inadmissible to vary written provisions.**
3. Although a written contract made in part performance of an oral agreement does not bar parol evidence of the other provisions of the agreement, such evidence is not admissible to vary the terms of the writing.

Action in the district court for Becker county to recover $4,600 on a promissory note. The case was tried before Roeser, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of defendants. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*H. N. Jenson* and *Le Roy Bowen,* for appellant.

*M. J. Daly,* for respondents.

TAYLOR, C.

Suit on a promissory note executed to plaintiff by defendants for the sum of $4,600. The trial resulted in a verdict for defendants. Plaintiff appeals from an order denying its alternative motion for judgment non obstante or for a new trial.

[1] Reported in 199 N. W. 905.

Defendants admitted the execution of the note, and that it is owned by plaintiff and is past due and unpaid; and on this admission asked for and were accorded the right to open and close at the trial.

The Detroit Loan & Realty Company, of which J. E. Bakke is president and A. C. Knudson secretary, has been engaged in the real estate business at Detroit, Minnesota, for several years. Knudson is the managing officer of the company and the person with whom defendants dealt in their transactions with the company. Bakke was president of plaintiff bank and the person with whom defendants dealt in their transactions with the bank. Defendants are husband and wife and for many years have owned and occupied a farm in Becker county designated in the record as the home farm.

In May, 1919, defendants gave the realty company an option for 292 days to purchase their farm for the sum of $17,000 and were paid $500 for the option. A month or two later they entered into a contract with third parties to buy another farm, designated in the record as the Riceville farm, for the sum of $11,000, and paid $500 thereon. A day or two before the trial they paid the next instalment of $3,000. The realty company sold the home farm, by contract for deed, to O. B. Kingery for the sum of $21,600 on which $500 was paid at the making of the contract. Kingery assigned his contract to Fred A. Beers, a resident of Iowa, for $500 paid by Beers. On February 5, 1920, the realty company notified defendants that the company would exercise its option and take the farm. Thereafter defendants purchased Beers' interest in the farm for the sum of $500 and he assigned to them the Kingery contract. Thereafter and on February 27, 1920, defendants met Knudson and Bakke at the bank and executed to the bank a promissory note for the sum of $4,600, running one year with interest at the rate of 6 per centum per annum, being for the amount claimed by Knudson as the profit of the realty company on the sale to Kingery, to whose rights defendants had succeeded by their purchase from Beers. The amount of the note was credited to the account of the realty company by the bank and was subsequently checked out by that com-

pany. When the note became due a year later, defendants paid the interest and executed a renewal note running for 6 months with interest at the rate of 8 per centum per annum. The suit is upon this renewal note.

Over plaintiff's objection, defendants were permitted to testify to the effect that the original note was executed with the understanding that the realty company would sell the Riceville farm for them for a sufficient amount over and above the purchase price of $11,000 to pay the note; that the note was not to be paid at maturity, but was to be renewed yearly until the farm was sold, defendants to pay the interest as it accrued; that when the realty company sold the farm it was to take whatever amount it obtained over and above the purchase price of $11,000 in full payment and satisfaction of the note; that the bank through Bakke had full knowledge of this agreement; and that the farm has not been sold. Both Knudson and Bakke emphatically deny that any such understanding or agreement was made or suggested, but if defendants' testimony was admissible it made a question for the jury.

It is admitted that defendants executed the note and that plaintiff is the owner and holder of it. There was no condition precedent to be performed before it went into effect as a contract. The claim, in substance, is that it was not to be paid at the time it states, but only upon the happening of an uncertain future event, and that it was not to be paid absolutely as it states, but only out of a special fund—out of whatever amount should be obtained for a specified tract of land in excess of the purchase price paid for that land. This is clearly an attempt to vary the terms of a written contract by oral testimony.

The distinction between those cases in which a written instrument is not to become operative until some further act has been done or some future contingent event has happened and those cases in which it is claimed that the instrument is not to be given effect according to its terms, but is to be paid or performed at a different time or in a different manner than is stated therein, is clearly pointed out in the late case of Skelton v. Grimm, 156 Minn. 419, 195 N. W. 139, and the cases there cited. Where, by reason of the

nonperformance or nonhappening of a condition precedent, a written instrument never becomes operative as a contract, parol evidence is admissible to show that fact; but, where parties execute a written instrument to evidence their contract, parol evidence is not admissible to engraft thereon conditions or provisions which tend to vary the terms or the effect of the instrument.

The maker of a promissory note cannot show by oral testimony that it was to be payable out of a special fund or at a different time than stated in the note. Harrison v. Morrison, 39 Minn. 319, 40 N. W. 66; McCormick H. M. Co. v. Wilson, 39 Minn. 467, 40 N. W. 571; Knoblauch v. Foglesong, 38 Minn. 352, 37 N. W. 586; Singer Mufg. Co. v. Potts, 59 Minn. 240, 61 N. W. 23; Security Nat. Bank v. Pulver, 131 Minn. 454, 155 N. W. 641; Lake Harriet State Bank v. Miller, 138 Minn. 481, 164 N. W. 989.

The cases cited are decisive of the present case. The parol evidence merely tended to show that the note was not to be paid at maturity, and was to be paid only out of a special fund. It did not bring the case within any of the exceptions to the rule that the terms of a written instrument cannot be varied by oral testimony. It did not tend to establish the existence of a condition precedent to be performed before the note became operative as such. The note was delivered as a completed instrument, and the agreement asserted was in the nature of a condition subsequent.

It is suggested that the testimony was admissible under the rule that, where a written contract is made in part performance of a prior oral agreement, parol evidence is admissible to prove the matters not covered by the writing. The facts do not bring this case within that rule; but, even in cases which come within that rule, parol evidence is not admissible to vary or contradict those provisions of the agreement which the parties have committed to writing. Shinners v. Ford, 151 Minn. 328, 186 N. W. 704, and cases there cited.

Defendants rely, as did the trial court, on Drovers C. L. & I. Co. v. McGraw, 150 Minn. 50, 184 N. W. 365. That case rests on its own peculiar facts; and, insofar as it may not be in harmony with the principles stated in the Skelton case, we adhere to and follow the

Skelton case. The recent case of Midland National Bank v. Farmers Co-operative Elevator Co. 157 Minn. 348, 196 N. W. 275, applied this same rule.

The facts asserted did not constitute a defense to the note and the order is reversed with directions to render judgment for plaintiff.