# DAKOTA STATE BANK v. WINONA WAGON COMPANY.[1]

April 9, 1925.

No. 24,367.

**When oral evidence of extension of time of payment is inadmissible.**
> Where the time of payment has been extended to a specified date by a written agreement, proof of a contemporaneous oral agreement for a further extension is inadmissible.

*Headnote. See Evidence, 22 C. J. p. 1248, § 1663.

Action in the district court for Winona county to recover upon a promissory note. The case was tried before Callaghan, J., who directed a verdict for plaintiff. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*Brown, Somsen & Sawyer,* for appellant.

*Webber, George & Owen,* for respondent.

TAYLOR, C.

Action on a promissory note. Liability on the note was admitted and the sole question presented is whether the evidence tendered by defendant was competent and sufficient to establish an agreement to extend the time of payment.

In the early spring of 1921, defendant, a manufacturer of wagons, owed $365,000, including a note of $2,000 to plaintiff, and was insolvent. It had a large amount of material on hand from which but little could be realized unless manufactured into saleable products. It made an arrangement with its creditors by which it was to continue to operate its plant under the supervision and control of a committee of creditors, and by which three banks, to which it owed in the aggregate over $100,000, were to furnish the funds necessary to enable it to continue in operation and to pay certain specified small claims, and were to be reimbursed for such advances out of the first moneys available for the payment of claims.

[1]Reported in 203 N. W. 212.

In April, 1921, plaintiff executed a written agreement extending the time for payment of its claim to January 1, 1922, in consideration of similar agreements by other creditors and of the agreement of the three banks to furnish funds for operating the plant. As a part of the transaction, defendant executed and plaintiff accepted a renewal note due January, 3, 1922. The other creditors, except the holders of the small claims which were to be paid, executed similar agreements. When this extension expired plaintiff executed a second agreement extending the time of payment to January 1, 1923. The other creditors executed similar agreements. When this extension expired, plaintiff executed a third agreement extending the time of payment to January 1, 1924. Two of the creditors refused to grant this extension and their claims were thereafter settled and satisfied. When this extension expired plaintiff and one other creditor refused to grant a further extension, and plaintiff brought this suit on its note.

As a defense, defendant sought to prove that, as a part of the original arrangement, its creditors had orally agreed with each other and with defendants to make extensions of the time of payment until defendant was on its feet, or the committee of creditors should determine that it could not be saved from bankruptcy. This evidence was excluded as tending to vary the terms of a written instrument. The ruling was correct. The writings fixed the date to which the time for payment was extended clearly and definitely; and evidence of a prior or contemporaneous oral agreement for a longer extension was inadmissible under the rule established in the following and many other decisions. Thompson v. Libby, 34 Minn. 374, 26 N. W. 1; Current v. Muir, 99 Minn. 1, 108 N. W. 870; Samuel H. Chute Co. v. Latta, 123 Minn. 69, 142 N. W. 1048; Security Nat. Bank v. Pulver, 131 Minn. 454, 155 N. W. 641; Lake Harriet State Bank v. Miller, 138 Minn. 481, 164 N. W. 989; Commercial Jewelry Co. v. Bowen, 145 Minn. 487, 175 N. W. 995.

Defendant insists that the parol evidence was admissible on the ground that the written agreement did not cover the entire oral agreement, but was executed in part performance of such agreement. The written agreement concludes the parties as to the mat-

ters covered by it, even if there be other matters provable by parol. Horn v. Hansen, 56 Minn. 43, 57 N. W. 315, 22 L. R. A. 617; Samuel H. Chute Co. v. Latta, 123 Minn. 69, 142 N. W. 1048; Virginia & Rainy Lake Co. v. Helmer, 140 Minn. 135, 167 N. W. 355; Skelton v. Grimm, 156 Minn. 419, 195 N. W. 139; Merchants Nat. Bank v. Bryngelson, 160 Minn. 205, 199 N. W. 905.

We find no ground for saying that plaintiff is estopped from now enforcing its claim. Order affirmed.