# THE STEVENS CORPORATION v. FARMERS EQUIPMENT COMPANY.[1]

## April 9, 1925.

## No. 24,537.

**Proof of oral agreement inadmissible.**
   The evidence excluded tended to vary the terms of a written contract by engrafting an additional, inconsistent provision thereon and was inadmissible.

*Headnote. See Evidence, 22 C. J. p. 1248, § 1663.

[1]Reported in 203 N. W. 213.

Action in the district court for Winona county to recover balance due on a promissory note. The case was tried before Callaghan, J., who ordered judgment in favor of plaintiff. Defendant appealed. Affirmed.

*Tawney, Smith & Tawney & E. D. Libera*, for appellant.

*Webber, George & Owen*, for respondent.

TAYLOR, C.

Appeal by defendant from a judgment for the balance due on a promissory note. The case was tried to the court, a jury being waived. Defendant admitted the execution of the note and the balance due thereon, but sought to prove an oral agreement under which it claimed an offset to the note. The trial court ruled that proof of the oral agreement was inadmissible, for the reason that it would engraft an additional provision on a contract which the parties had reduced to writing. Whether this ruling was correct is the sole question presented.

On March 8, 1920, plaintiff and defendant entered into a contract giving defendant the right to sell Republic trucks within a specified territory. It contains this provision:

"We (defendant) hereby give you our order for Republic trucks to be taken by us during the period covered by this purchase order schedule in the months in which we will require them as follows: (The number to be shipped in each of the months of March, May, June, July and August, 1920, are here stated.)

We authorize you to make shipment of Republic Trucks in the quantities and according to the schedule printed above and subject to the warranty printed on the back of this order and agree to accept and pay for such trucks as shipped."

Four one-ton trucks listed for shipment in March were delivered and settled for by defendant. On April 27, 1920, defendant wrote plaintiff: "Kindly cancel our one and one-half ton trucks until further notice." On April 29, 1920, plaintiff replied: "As requested, we have canceled your 1 and 1½ ton trucks on order."

On May 3, 1920, defendant wrote plaintiff and, referring to plaintiff's letter of April 29, said: "We notice in your last paragraph you state that you have canceled our one, and one and one-half ton trucks. We intended to cancel our one and one-half ton trucks, on our contract but not the one ton truck. Just as soon as we have sold some of these trucks that we have on hand we will advise you when to ship some more."

On June 5, 1920, plaintiff shipped defendant four one-ton trucks and mailed the invoice. On receiving the invoice defendant wrote: "We still have on hand four Republic Trucks and we are not in a position to accept the carload which you state is being shipped to us. Therefore, have the same converted to some other dealer." Plaintiff replied that they had shipped the trucks according to the contract and that they had no other point in that vicinity at that time to which they could divert the shipment. When the trucks arrived defendant refused to accept them. Plaintiff's representative unloaded them and placed them in a warehouse.

The controversy as to whether defendant should accept them continued until October and in the meantime one of them was sold. On October 26, 1920, plaintiff and defendant settled the controversy by a written agreement whereby plaintiff agreed to sell and defendant agreed to buy the three remaining trucks for the sum of $4,690.56 for which sum defendant agreed to give a trade acceptance or time draft bearing interest at the rate of 7 per cent per annum from that date. As a part of the transaction, plaintiff drew a draft on defendant for the amount, payable February 1, 1921, which defendant accepted by an indorsement across the face thereof. When the draft became due on February 1, 1921, defendant was not prepared to pay it and asked for an extension. After some negotiation, defendant paid the interest and $690.56 of the principal and gave two promissory notes for $2,000 each, one payable in 3 months, the other in 4 months from that date, for the remaining $4,000. Defendant paid the first note and part of the second, and this suit is for the balance due on the second.

Defendant claims that when it made the agreement of October 26, 1920, by which it took the trucks and accepted the draft for

the purchase price therefor, plaintiff, through its representative, promised orally to protect defendant against any reduction in the wholesale price of trucks, and agreed, in case of any such reduction, to allow or refund to defendant the amount thereof on any unsold trucks which defendant should then have on hand. The price remained unchanged until November 1, 1921, on which date a reduction of $300 was made in the price of such trucks. Defendant had four then on hand.

The original contract, which is somewhat lengthy, completely covers its subject matter, and defendant frankly admits that if the action were brought on that contract evidence of the oral agreement would be inadmissible. The trucks were shipped under and pursuant to the original contract, and it does not appear that defendant had any valid ground for refusing to receive them. Under that contract defendant was required to pay for them when received. Its refusal to accept them resulted in a further written contract by which it purchased 3 of them at a stipulated price which it agreed to pay in accordance with the terms of a time draft executed at the same time and as a part of the same transaction. We think this contract was a modification of the original contract rather than an independent agreement for another sale. But, if it were to be deemed an independent agreement for another sale, proof of the alleged oral agreement would be inadmissible under Skelton v. Grimm, 156 Minn. 419, 195 N. W. 139; Merchants Nat. Bank v. Bryngelson, 160 Minn. 205, 199 N. W. 905; and the authorities cited in those cases. The ruling was correct, and the judgment is affirmed.