## W. B. BROWN v. EARL D. BACKER.[1]

January 22, 1926.

No. 25,018.

**Rule as to parol evidence to vary promissory note.**
1. The general rule is that a written instrument, including prom-issory notes, cannot be varied by parol evidence as to a prior or con-temporaneous oral agreement.

**Exception as to rule in respect to verbal agreement.**
2. An exception to this rule permits evidence of a verbal agree-ment to be given, although writings have been executed in pursuance of such agreement by way of partial performance. This exception, however, does not permit oral evidence to contradict the provisions reduced to writing.

**Partial failure of consideration cannot be shown by parol.**
3. Where a promissory note is given in part payment for a tractor, the maker cannot be permitted to prove that he was to pay less than the amount specified in the note for the purpose of showing a partial failure of consideration to the extent of the amount which he claims is overstated in the note.

**Rule as to inquiry concerning recital of consideration inapplicable to prom-issory note.**
4. The rule that permits inquiry as to a recital of consideration has no application to the contractual obligation in a promissory note to pay a definite sum of money.

Evidence, 22 C. J. pp. 1089 n. 31; 1170 n. 25; 1248 n. 29.

Action in the district court for Pipestone county to recover upon a promissory note. The case was tried before Nelson, J., and a jury which returned a verdict in favor of defendant. Plaintiff's motion for judgment notwithstanding the verdict was granted. De-fendant appealed from the judgment. Affirmed.

*Canfield & Michael,* for appellant.

*George P. Gurley* and *C. T. Howard,* for respondent.

[1]Reported in 207 N. W. 20.

WILSON, C. J.

This is an appeal from a judgment entered pursuant to an order for judgment in favor of plaintiff notwithstanding the verdict for defendant.

In 1920 defendant bought a tractor from plaintiff's assignor for which he paid part cash and gave two notes for $300 each and the note here involved for $696. He was entitled to a conceded allowance on this note reducing it to $584, for which plaintiff sought judgment. In 1920 the price of the tractor was $1,450 and in 1921 it was $1,025. Defendant paid the first two notes. This action is to recover $584 on the third note.

The record presents the inquiry whether defendant may prove by parol an oral agreement to the effect that he was to have the tractor at the 1921 price. The result of proof of such an agreement would be that defendant was to pay $425 less than specified in the note.

The general rule is that a written instrument, including promissory notes, cannot be varied by parol evidence as to a prior or contemporaneous oral agreement. Dun. Dig. § 3368. Recent decisions include Shinners v. Ford, 151 Minn. 328, 186 N. W. 704; Independent H. Co. v. Malzohn, 147 Minn. 145, 179 N. W. 727; Samuel H. Chute Co. v. Latta, 123 Minn. 69, 142 N. W. 1048; Silliman v. Dobner, 165 Minn. 87, 205 N. W. 696; Thiem v. Eckert, 165 Minn. 379, 206 N. W. 721; Merchants Nat. Bank v. Bryngelson, 160 Minn. 205, 199 N. W. 905; Stevens Corp. v. Farmers Equip. Co. 162 Minn. 465, 203 N. W. 213; Dakota State Bank v. Winona Wagon Co. 162 Minn. 445, 203 N. W. 212; Skelton v. Grimm, 156 Minn. 419, 195 N. W. 139; Ryan v. Security Sav. & Com. Bank, 50 App. D. C. 292, 271 F. 336; Security Nat. Bank v. Pulver, 131 Minn. 454, 155 N. W. 641.

Defendant attempts to escape the general rule by bringing himself within an exception which permits evidence of a verbal agreement to be given, although contracts or other writings have been excluded in pursuance of such agreement by way of partial performance. Independent H. Co. v. Malzohn, supra; Merchants Nat.

Bank v. Bryngelson, supra; 10 R. C. L. 1019; Bennett v. Belt's Adm. (22 Mo. 154) 64 'Am. Dec. 260. This exception, however, does not permit oral evidence to contradict the provisions reduced to writing. Shinners v. Ford, supra; Independent H. Co. v. Malzohn, supra; Merchants Nat. Bank v. Bryngelson, supra.

Defendant claims that it is his purpose to show a partial failure of consideration to the extent of $425. But the tractor was the consideration, regardless of the amount of the note. It is conceded that the price of the tractor was a part of the terms of the alleged parol sale. We think that the talk at the time of the sale as to price was absorbed in the writings constituting the notes. The purpose of the general rule is to exclude all defenses except fraud and mistake. Defendant's claim as to partial consideration is inconsistent with the terms of the note. This theory of defendant is in substance an attempt to vary the terms of the note by proving by parol that the amount of the note should have been less. This cannot be sustained. Atherton v. Dearmond, 33 Iowa, 353; Mosnat v. Uchytil, 129 Iowa, 274, 105 N. W. 519.

Defendant also claims that the recital in the written instrument as to consideration is not conclusive. It is not in all cases. The rule however that permits inquiry as to the consideration usually applies to contracts wherein the consideration is expressed in general terms, as the acknowledgment of the payment of a definite amount of money, and then only where the oral promise is in no way inconsistent with the written promise. In such cases the true consideration may be shown. But in a case like this, where a promissory note expresses a promise to pay a certain amount of money, the agreement is contractual in character and is protected by the parol rule. Nor can it be refuted by an inconsistent parol agreement as here contemplated. Kramer v. Gardner, 104 Minn. 370, 116 N. W. 925, 22 L. R. A. (N. S.) 492; Thiem v. Eckert, 165 Minn. 379, 206 N. W. 721.

Affirmed.