KULLBERG MANUFACTURING COMPANY v. HAROLD S. SMITH AND ANOTHER.

S. J. SUPHAMER AND OTHERS, GARNISHEES.[1]

No. 26,223.

November 25, 1927.

**Party who has incurred liability as maker of check does not thereby become liable as garnishee.**

1. Only the relationship existing between a garnishee and the defendant at the time of the service of the garnishee summons is important, and no party shall be adjudged a garnishee by reason of any liability incurred, as maker or otherwise, upon any check or bill of exchange.

[1]Reported in 216 N. W. 249, 218 N. W. 99.

AFTER REARGUMENT.

February 10, 1928.

**When parol evidence is incompetent to show check should not be presented until later.**

2.   A check is a bill of exchange payable on demand, and a complete negotiable instrument.   So, where a check is unconditionally delivered, parol evidence is incompetent to show an agreement that it should not be presented until the drawer should notify the payee that a deposit had been made to meet the check.

**When and for how long drawer of check may be immune from garnishment.**

3.   But such an agreement may amount to a waiver by the drawer of prompt presentment.   So, within the period of the delay asked for by the drawer, he may be liable upon the check as a negotiable instrument, and is not subject to garnishment.

Bills and Notes, 8 C. J. p. 38 n. 84; p. 686 n. 22.
Evidence, 22 C. J. p. 1096 n. 71 New.
Garnishment, 28 C. J. p. 148 n. 11; p. 155 n. 21; p. 243 n. 43.

See note in L. R. A. 1917C, 314; 20 A. L. R. 430; 3 R. C. L. 862; 1 R. C. L. Supp. 905; 4 R. C. L. Supp. 218; 6 R. C. L. Supp. 201.

Jacob Fine as garnishee appealed from a judgment of the district court for Hennepin county, Waite, J. entered against him and in favor of the plaintiff.   Reversed.

*Ueland & Ueland,* for appellant.
*Shearer, Byard & Trogner,* for respondent.

QUINN, J.

Prior to and at the time of her death, Bella W. Smith, deceased, was engaged in the manufacture and sale of millwork under the firm name and style of Smith Sash & Door Company.   Thereafter the defendants Smith were duly constituted executors of her estate and, pursuant to an order of the probate court, continued such manufacturing and sale business under the same name.

Subsequently plaintiff brought an action against the executors to recover the purchase price of certain building material alleged to

have been sold to such executors. Garnishment proceedings were instituted, and the garnishee summons was served upon the appellant, Jacob Fine, on August 27, 1926. Thereafter plaintiff procured an order substituting R. J. Powell as administrator de bonis non of the estate in place of such executors. Judgment was finally entered in favor of plaintiff and against the substituted defendant in the sum of $4,854.16 upon a stipulation and an order of the court.

The disclosure shows that at the time of such service Fine was a member of a firm known as Fine & Rutzick which had purchased from the executors material to the amount of $1,859.91, and that on August 24, 1926, three days before the service of the garnishee summons upon him, Fine drew his firm's check for that amount, payable to the order of the Smith Sash & Door Company, and delivered the same to Smith, one of the executors, in whose possession it was at the time of the service of such garnishee summons. At the time the check was drawn there were not sufficient funds in the bank to the credit of the garnishee to meet the check, nor was it presented for payment until August 28 when it was paid to Smith, [there having been sufficient funds deposited for that purpose.][2]

Subsequent to the time of the service of the garnishee summons, Smith paid to plaintiff $1,023.13 on its account. Thereupon the court ordered judgment against the garnishee in the sum of $836.78, being the difference between the amount of the check and the account. From a judgment entered upon such order, the garnishee appealed.

1. In determining the liability of the garnishee, only the relationship existing between the garnishee and the defendant at the time of the service of the garnishee summons is important, and no party shall be adjudged a garnishee by reason of any liability incurred as maker or otherwise upon any draft, bill of exchange or promissory note. G. S. 1923, § 9361(3); 1, 3 Dunnell, Minn. Dig. (2 ed.) §§ 981, 3967. The check under consideration was executed three days prior to the service of the garnishee summons, and at the time of such service the payee named in the check had not presented the same to the bank upon which it was drawn for payment but did

[2]See correction infra, p. 507. [Reporter]

present it on August 28 when it was paid in full. G. S. 1923, § 7228, defines a check as a bill of exchange.

The provisions of the statute applicable to bills of exchange payable on demand apply to checks. 1 Dunnell, Minn. Dig. (2 ed.) § 981, It follows that a person is not chargeable as garnishee for an indebtedness evidenced by a negotiable instrument. It requires no argument to demonstrate that the payee named in the check in question might have maintained an action thereon against the maker.

Judgment reversed.

### AFTER REARGUMENT.

On February 10, 1928, the following opinion was filed:

PER CURIAM.

There has been a reargument and a reconsideration of this case, as a result of which we adhere to the result reached in the former opinion.

2. The first subject of our reconsideration has been the character of the check and its status at the time the garnishee summons was served on the drawer, Mr. Fine. The check was drawn, dated and delivered August 24, 1926, and was outstanding in the hands of the payee August 27, when the drawer was garnisheed. It was presented to the bank and cashed August 28. When the check was delivered, the drawer told Mr. Smith, representing the drawee, that "at that time" he did not have sufficient funds in the bank to meet the check. "I told him I did not have any money, but would in a few days, but he said to give him the check and he would hold it until I had the money." Mr. Fine further testified that he promised to notify Smith when he "had made a deposit sufficient to cover the check * * * and he agreed to hold that check" until so notified. When the check was presented on August 28 a sufficient deposit had been made, but not, as stated in the original opinion, for the purpose of meeting this check.[3] In fact, after service of the garnishee summons, the drawer attempted to stop payment.

[3]See supra, p. 506. [Reporter]

At this point we meet the principal argument for plaintiff, which is that the check was delivered upon a condition precedent, preventing its having any effect as contract, check or otherwise until the happening of the condition, to-wit, a deposit in the bank to cover the check. In that we cannot agree.

The debt for which the check was given was absolute. So also the check was not conditioned nor its obligation qualified by the understanding that it would not be presented until a deposit had been made to cover it. There was no agreement that it should be returned and none that it should be held indefinitely. The absence at the time or afterwards of a deposit to meet it did not alter the character of the instrument or condition its obligations. Harrison v. Nicollet Nat. Bank, 41 Minn. 488, 490, 43 N. W. 336, 5 L. R. A. 746, 16 A. S. R. 718. The promise to make the deposit was itself unconditional and, no time being specified, it was for performance within a reasonable time. We have then a case of the delivery, in conditional payment of an absolute debt, of an absolute bill of exchange (G. S. 1923, § 7228, N. I. L. § 185), with an agreement, oral and on the side, postponing the time of presentment for payment. That agreement is clearly within the rule preventing the use of parol evidence to change or postpone the obligation of a negotiable instrument. So it is a case for applying the rule that "an extrinsic oral agreement providing a condition qualifying the operation of a written obligation is ineffective, for an obligation absolute is plainly exclusive of a condition." Samuel H. Chute Co. v. Latta, 123 Minn. 69, 73, 142 N. W. 1048. The subsequent deposit to meet the check, if it be a condition at all, affected only time of payment and did not go to the obligation to pay. And, as already indicated, the promise to make the deposit being absolute, the only condition implied was that a reasonable time should be allowed for making it. So in any view of the case, particularly that aspect of it most favorable to plaintiff, it was a condition subsequent intended to affect only time of payment and going not at all to the obligation evidenced by the writing. Skelton v. Grimm, 156 Minn. 419, 195 N. W. 139, and cases cited. In principle the case is parallel on this point to Merchants Nat. Bank v. Bryngelson, 160 Minn. 205, 199 N. W. 905,

where the ruling was that parol evidence is not admissible to show that a promissory note was not to be paid according to its terms, but only on the happening of a contingent future event and out of a special fund. The most that can be said for the supposed condition in this case is that by an oral agreement time of payment of a check was postponed, whereas according to the check itself it was payable immediately.

It follows that the parol agreement was ineffectual to condition the check in any manner, particularly as to obligation. Given the delivery of a check for an absolute obligation with an agreement on the side that it is not to be presented until a deposit is made to meet it, the obligation of the check is no more altered or conditioned than is that of a promissory note with an agreement that it is not to be paid when due. In such a case the delivery of the note is absolute and not conditional. Silliman v. Dobner, 165 Minn. 87, 205 N. W. 696.

3. The check, when delivered, having been a bill of exchange and negotiable as such, it remains to determine its status and the liability of the drawer, the garnishee Fine, when he was garnisheed. "Where an instrument payable on demand is negotiated an unreasonable length of time after its issue, the holder is not deemed a holder in due course." G. S. 1923, § 7096, N. I. L. § 53. And specifically as to checks, the law is that they "must be presented for payment within a reasonable time" after issue, "or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay." G. S. 1923, § 7229, N. I. L. § 186. The question being normally one of fact, decision in each case depends largely upon its special circumstances. Checks are "intended for immediate use and not to circulate as a promissory note. Therefore the transfer of a check to successive holders, where it is drawn and delivered in the place where the drawee bank is located, does not extend the time for presentment." It has been held in such cases, that "if the check is delivered on one day and is not presented before the close of banking hours the next business day, the drawer is discharged to the extent of any loss suffered from the failure to present." Brannan, Neg. Inst. Law, § 186, citing, inter alia, Gordon v. Levine, 194 Mass.

418, 80 N. E. 505, 10 L.R.A.(N.S.) 1153, 120 A. S. R. 565, 10 Ann. Cas. 1119; Matlock v. Scheuerman, 51 Or. 49, 93 P. 823, 17 L.R.A.(N.S.) 747; Aebi v. Bank of Evansville, 124 Wis. 73, 102 N. W. 329, 68 L. R. A. 964, 109 A. S. R. 925; Furber v. Dane, 203 Mass. 108, 89 N. E. 227. But, as already indicated, what is a reasonable time for the presentment of a check must be tested by the circumstances of each case. In Estes v. Lovering Shoe Co. 59 Minn. 504, 61 N. W. 674, 50 A. S. R. 424, a check drawn in St. Paul was held "not stale or overdue" when cashed in Denver six days later.

Certainly if the drawer requests delay in presenting his check he cannot complain of compliance with his own desire. Prompt presentment is his right, and he may waive it; and that, we think, is the situation in this case. Having requested delay in presentment, the drawer, Fine, could not defend, in a suit against him on the check, by reason of a delay no longer than that which he himself had asked. So during the time here determinative, that is, from the drawing of the check until the garnishment, the drawer was liable on the check. In the hands of the payee, it was negotiable, subject to transfer by indorsement. In the hands of a holder in due course, it would have been the basis of a cause of action against the drawer, as to which he would have had no defense. That was the situation at the moment of the service of the garnishee summons. It follows that he was not subject to garnishment, for G. S. 1923, § 9361, prevents one's being adjudged a garnishee "by reason of any liability incurred, as maker or otherwise, upon any draft, bill of exchange, or promissory note."

That result is not prevented by the fact that the check, under familiar rules, was conditional payment only of the original debt. That rule can operate only as between the original parties to a negotiable instrument and does not affect a holder in due course. Were it otherwise, the statute last cited could be thwarted in any case where a liquidated debt had been paid conditionally by a negotiable instrument. The statute is made operative by the fact rather than the character of the garnishee's liability, at the time being, on a negotiable instrument. It is not necessary that it appear also

that such liability is to a holder in due course rather than to one charged with notice. The test is found in the character of the instrument and not in the status or rights of its holder at the moment.

A seemingly contrary result was reached in Cohen v. Hale, L. R. 3 Q. B. D. (1877-78) 371, but in the absence of any rule or statute preventing garnishment of a debtor who is at the time liable on an outstanding negotiable instrument. Even in that situation it was recognized as probable that "the garnishee order could not have been made effectual" if the garnishees had declined to stop the check, "on the ground that having given it they had so far pledged themselves that it would not be proper for them to stop payment of it." Chief Justice Cockburn went on to say that "they did not take this course, and by their direction the cheque was stopped. The suspension of the remedy [on the original debt] then ceased, and the debt remained just as if the cheque had never been given."

Under the English practice of that time (1878) liability on a negotiable instrument seems not ipso facto to have prevented garnishment, precautions being taken to protect the garnishee. In Elwell v. Jackson, 1 Cab. & E. 362, the garnishee's check having been paid after the service of the garnishee order, the garnishment failed, upon the ground that "where a cheque is ultimately honoured and money paid on it there is no 'debt owing or accruing' while it is outstanding." Cohen v. Hale was referred to as presenting a question which arose "at a different date" and as a case where the garnishee's check was ultimately dishonored. Hyam v. Freeman, 35 Sol. Journal 87, shows how, while the English practice permits garnishment of a debt on a negotiable instrument, the garnishee is protected by a stay of execution against him pending the maturity of his obligation, coupled with a concurrent injunction against the defendant restraining him from negotiating the instrument.

In the instant case an issue is apparent whether the garnishee's effort to stop payment was legally effectual. Plaintiff claims that it was, and the garnishee that it was not. Anyhow the check was paid, and apparently the bank may claim it was properly paid. Our statute preventing garnishment of one liable on a negotiable instrument was intended not only to prevent the imposition of a sec-

ond liability for the same debt, but also to relieve a garnishee from the hazards of litigation to which otherwise he would be subject and from the burden and risk of proving that the course taken by his negotiable obligation had not made him liable absolutely. In the instant case, for reasons stated, it has not been made to appear that the check was dishonored when the garnishee process was served, so we are not required to say whether the statute applies where the liability of the garnishee is upon a past due or otherwise clearly dishonored negotiable instrument. See American Hardwood Lbr. Co. v. Joannin-Hansen Co. 99 Minn. 305, 109 N. W. 403.

The former opinion must be adhered to.

So ordered.