## S. DIXON, DAVIDSON & CO., v. JAMES PACE.

Where an agent received money from his principal with specific in-
structions to pay it to a certain creditor, which he failed to do, but
made a different application of it for the principal's benefit, and the
creditor made no demand upon such agent until after he had parted
with the money, and accounted for it with the principal; *Held* that
the creditor could not look to the agent for such money.

(*Strayhorn* v. *Webb*, 2 Jon. 199, *Draughan* v. *Bunting*, 9 Ire. 10, and
*Ingram* v. *Kirkpatrick*, 6 Ire. Eq. 463, cited and approved.)

ASSUMPSIT, tried before *Tourgee, J.*, at Spring Term 1869
of the Superior Court of CHATHAM.

The plaintiffs declared for goods sold and delivered, and
also for money had and received to their use.

It was in evidence that certain castings suitable for mills
had been furnished in Febuary 1859 to one Evans by the
plaintiffs, at the instance of the defendant professing to act
on behalf of Evans. The parties differed as to the right of the
plaintiffs to charge the defendant with the value of said goods in
this action, but as no exception is taken to the ruling of the
Court upon those questions, the evidence is here omitted.

Upon the second count it was shown that the defendant, who
as wheelwright had superintended the erection of the mills, had
received from Evans on account of the plaintiffs, about March
1866, the sum of two hundred and fifty dollars; that in Novem-
ber 1860 he had rendered an account to Evans by which it
appeared that the latter owed, on account of work and mate-
rials about said mill, to himself the amount of $185; to the plain-
tiff, more than $700.00, and to one Whitney $400.00. Credit
was then given for $250, (without stating to whom paid), and
also for $80, as having been paid by Evans, and a general
balance struck of more than $1,000; that in February 1861,
Evans sent to the defendant upon that account, $600, of which
the latter paid to the plaintiffs $250; this was all the money
paid to the plaintiffs by the defendant, upon behalf of Evans,
at any time.

It was also in evidence that the defendant out of the $850 received from Evans as above, had paid (besides the $250) to Whitney about $330, to other persons having claims against Evans on account of the mill, more than $80, and had retained his own debt of $185; and upon being introduced as a witness he testified that he had accounted to Evans for the whole of that amount.

Some time after the payment of the $250, the plaintiffs demanded of the defendant the payment of their account for castings, and for any moneys received for them by him because of such account, and on his denying any liability to them, this suit was brought.

Upon this part of the case the plaintiffs asked the Court to instruct the jury that if they believed that the defendant had received $250 in March 1860 from Evans, with specific directions to apply it to the account of the plaintiffs, and he had failed to do so, the latter could recover in this action notwithstanding that the defendant previously to a demand by the plaintiff, had paid out upon account of Evans all the money that he had received from him; and that the voluntary payment subsequently by the defendant of the $250, out of a sum not specifically appropriated to the plaintiffs, did not cure his previous default.

His Honor declined to give this instruction, and told the jury that if they believed that at the time of the demand upon the defendant by the plaintiffs, the former had accounted with Evans for all of the $850 received from him, they should find for the defendant.

The plaintiffs excepted.

Verdict for the defendant; Rule for a New Trial; Rule discharged; Judgment, and Appeal.

*York,* for the appellants.
*Phillips & Merrimon, contra.*

Pearson, C. J.    There is no error.   As the plaintiffs' counsel has not filed a brief, we are at a loss to see on what grounds the ruling of his Honor is excepted to.

DIXON, DAVIDSON & CO. *v.* PACE.

To give the plaintiff a cause of action against Pace, it was necessary to notify him that the plaintiffs accepted him as their debtor, and had discharged Evans by giving him credit for the amount. This it was in the power of the plaintiffs to do at any time while the defendant had the money in hand, but it was too late to do so after the defendant had applied the money to the use of Evans in other ways.

True, the defendant received $250 from Evans with specific instructions to pay it to the plaintiffs, but the plaintiffs did nothing to vest in them a right of action against the defendant. Their condition was not changed, and they paid no consideration whatever, by which they could acquire this supposed right of action. The defendant was the agent of Evans, the money was subject to his control, until the plaintiffs did something by which to acquire a right to it, and the fact that the defendant made a different application of the money from that which he was directed to make, was a matter between him and his principal, in which the plaintiffs had taken no steps to acquire a right to interfere. *Strayhorn* v. *Webb*, 2 Jon. 199.

In *Draughan* v. *Bunting*, 9 Ire. 10, the plaintiff had paid the debt to the bank, and that was the consideration by which he acquired a right of action for the money in the hands of the defendant. In *Ingram* v. *Kirkpatrick*, 6 Ire. Eq. 463, it is held that creditors secured by a *deed of trust* acquire rights under it without any act on their part, on the ground that the *property passes by deed*, and the maker may declare trusts without consideration, and it is expressly distinguished from a mere agency like the case we have before us.

In such agency the Court say the matter is between the principal and his agent, until third persons do something by which to give them rights.

PER CURIAM.                    Judgment affirmed.