## JOHN WHITE v. WILLIAM HUNT.

Where a debtor promised his creditor to leave a sum of money in the hands of a third person, in part payment of what was due, and did so, that third person agreeing to hold it for the creditor: *Held*, that upon his refusing to pay it, the creditor could bring an action against him for the money.

(*Winslow* v. *Fenner*, Phil. 565 ; *Dixon* v. *Pace*, 63 N. C. 603, approved.)

CIVIL ACTION, commenced before a justice, tried by *Watts, J.*, at Spring Term 1870 of WARREN Court.

One Claiborne being indebted to the plaintiff, it was agreed between them that the former should leave with a certain person (the defendant) seventy-five dollars, in payment of the debt. The defendant, having a settlement shortly after with Claiborne on account of work done by the latter, fell into his debt more than the above amount, and agreed to retain the seventy-five dollars for the plaintiff, paying the residue to Claiborne. Within a few hours afterwards he discovered that the work had been so badly done that he would not owe Claiborne the seventy-five dollars; and in a conversation with the plaintiff, after admitting that the seventy-five dollars had been so left with him as above, refused to pay it, as he considered that he owed Claiborne nothing, but was rather his creditor.

These facts were found before his Honor, by special verdict. Upon them judgment was given for the defendant, and the plaintiff appealed.

*Rogers & Batchelor*, for the appellant.

1. The Statute of Frauds does not apply. *Draughn* v. *Bunting*, 7 Ire. 10; *Rice* v. *Carter*, 11 *ib.* 298; *Stanly* v. *Hendricks*, 13 *ib.* 83.

2. The plaintiff can recover for money had and received. 1 Ch. Pl. 4, and cases above, also *Arnold* v. *Lyman*, 12 Mass. 400; *Winslow* v. *Parker*, Phil. 565. See "Novation" discussed, 1 Pars. Cont. 217.

*Bragg*, and *Eaton & Montgomery*, *contra*.

1. The contract is void by the Statute of Frauds. *Brittain* v. *Thrailkill*, 5 Jon. 329; *Rogers* v. *Rogers*, 6 *ib.* 300.

2. Claiborne, in fact, left no money with the defendant.

3. The promise was made under a mistake of facts. If the money had been paid to Claiborne, it could have been recovered back by the defendant, and the plaintiff is in no better case than Claiborne would have been. Sand. Pl. & Ev. 675; *Pool* v. *Allen*, 7 Ire. 120; *Nowell* v. *Marsh*, 8 *ib.* 441.

4. There is no *privity* between the parties to this action. *Williams* v. *Everett*, 14 East. 595.

5. There could be no extinguishment of the debt from Claiborne to the plaintiff, but upon a communication between all the parties. 9 B. & C. 591; Brown on Actions, 525. See 4 B. & C. 163.

READE, J. By an agreement between the plaintiff and his debtor Claiborne, the latter was to leave in the hands of the defendant, for the plaintiff, the sum of seventy-five dollars, as a payment *pro tanto* of his debt. The debtor did leave the amount as promised, and the defendant accepted it for the plaintiff. The moment he did so it was a satisfaction of the plaintiff's claim against his debtor. The question is, what obligation did that impose upon the defendant to the plaintiff.

If he had refused to receive the money for the plaintiff, then the plaintiff would have lost nothing, because he would still have had his claim against Claiborne; but by receiving

it the defendant consented to become the agent of the plaintiff, and the plaintiff's claim againstClaiborne was discharged. This loss to the plaintiff induced by the defendant's accepting the money, was a sufficient consideration to imply a promise on the part of the defendant to pay the plaintiff: *Winslow* v. *Fenner & Co.*, Phil. 565 ; *Dixon & Co.* v. *Pace,* 63 N. C. 603.

Judgment reversed, and judgment here for the plaintiff.

