## HERMAN GEIGER v. SANITARY FARM DAIRIES AND ANOTHER.[1]

### July 1, 1920.

### No. 21,784.

**Negligence of truck driver at street intersection — verdict sustained.**

1. There is evidence that an employee of one of defendants drove a truck, before daylight in the morning, past a street car and across a street intersection, at a speed of 25 miles an hour, without a light or the giving of signal, and collided with a pedestrian at the street intersection. The jury's finding of negligence is sustained. When a driver

[1]Reported in 178 N. W. 501.

approaches a street intersection, with view obstructed, he must be on the lookout for cross traffic, and must have his vehicle under such control that he may stop it as occasion requires.

**Corporation — agreement of purchaser to assume all liabilities includes liability for tort.**

2. A written agreement, made on purchasing the property of a corporation, to assume all liabilities and all debts, claims and demands whatsoever, of the corporation, assumes an obligation to pay an existing liability arising out of personal tort.

**Parol evidence inadmissible to limit such agreement to specific claims.**

3. In a suit on such a tort claim, it is not competent for defendant to prove by parol that the agreement was to pay only specific claims, not including the claim sued on. The plaintiff in such a case is not a stranger to the instrument.

**Sale — after full performance immaterial that written contract was not signed by president of corporation.**

4. The fact that the preliminary contract was not signed by the president of the vendor corporation is not important after it has been fully carried out.

**Appeal and error — objection to hypothetical question must be taken on the trial.**

5. Objection that a hypothetical question assumes facts not in evidence, must be raised on the trial and cannot be raised for the first time on appeal.

**Verdict not excessive.**

6. The damages are not excessive.

Action in the district court for Ramsey county, to recover $12,500 for injuries received from one of defendant's automobile trucks. The answer alleged plaintiff's contributory negligence. The case was tried before Hanft, J., who when plaintiff rested denied defendants' motion to dismiss the action and at the close of the testimony denied defendants' motion for a directed verdict, and a jury which returned a verdict for $4,500. Defendants' motion for judgment notwithstanding the verdict was denied and their motion for a new trial was denied, provided plaintiff accepted a reduction of the verdict to $3,500. From the order denying their alternative motion, defendants appealed. Affirmed.

*Harold Harris,* for appellants.

*Cowern & Jesmer* and *Stephen I. Schmitt,* for respondent.

HALLAM, J.

1. Plaintiff was injured while walking across Seventh street in St. Paul at about 5:30 a. m. on October 26, 1918. Plaintiff approached Seventh street on Maria avenue from the south. A street car was coming from the east. Plaintiff passed in front of the car, and when he was about at the street-car track was struck by something and injured. He thought the street car struck him and sued the street railway company and failed. He then sued these defendants and recovered a verdict. Defendants appeal. The testimony given in this case by the street-car motorman was that a truck belonging to defendant Sanitary Farm Dairies, also coming from the east, passed the street car on its right shortly before the car arrived at Maria avenue and struck plaintiff as he crossed the tracks. The evidence of the conductor tends to corroborate that of the motorman. There is evidence that the truck was traveling at from 25 to 30 miles an hour, that it was still very dark and the truck had no lights, and that the driver gave no signal of its approach. Apparently the driver of the truck did not see plaintiff at all.

This evidence is sufficient to sustain the finding of the jury that plaintiff was struck by the truck and that the driver of the truck was negligent. When the driver of a vehicle approaches a street intersection, where his view is obstructed so that he cannot see travelers who may be approaching from the intersecting street, he must be on the lookout for such cross traffic, and must have his vehicle under such control that he may stop it as occasion requires. See G. S. 1913, § 2632.

2. The next question is as to the liability of the defendant Sanitary Farm Dairies, Incorporated.

Defendant Sanitary Farm Dairies is a South Dakota corporation. In 1918 it was operating a dairy business in St. Paul. On January 28, 1919, at a meeting of the stockholders, a resolution was passed submitting to their attorney the question of "the advisability of dissolving this corporation and organizing in lieu of it a Minnesota corporation." In February, 1919, at a meeting of the stockholders, a resolution was passed

to sell all the corporate assets to a new corporation to be organized under the laws of Minnesota by the stockholders of the South Dakota corporation, the Minnesota corporation, as part of the consideration for the sale, to "assume and agree to pay and satisfy all debts, claims and demands whatsoever of the said South Dakota corporation."

At the same meeting a second resolution was passed, reciting the foregoing, and reciting that the debts of the company amounted to $32,000, and that the value of the property above the debts was $71,000, and it was resolved that the corporation sell all its assets to the new corporation for $103,000, the sum of $71,000 to be paid in stock, the balance to be paid by an assumption by the new corporation of "all existing indebtedness and liabilities of this corporation," and the president and secretary were authorized to "transact any and all business involved in the deal above mentioned, and all deeds, transfers, contracts, documents and instruments that might be necessary and legal and proper to carry out the object and purpose of this resolution."

Thereupon the defendant Sanitary Farm Dairies, Incorporated, was incorporated in Minnesota. A contract was made in accordance with the foregoing resolutions and signed only by the secretary. The contract consisted of a proposal by the South Dakota corporation to sell all its property for the sum of $71,000 in stock of the Minnesota corporation and the assumption by the Minnesota corporation of "all debts and obligations of whatsoever character" of the South Dakota corporation, and an acceptance of the proposal by the Minnesota corporation. The transfer was carried out under its provisions. The South Dakota corporation deeded all its assets to the Minnesota corporation, and that corporation is now in possession of them and is operating the business. The stockholders of both corporations were the same, and the officials were practically the same.

It seems clear that the new corporation assumed the liability of the old corporation to plaintiff. The assumption of "all * * * obligations of whatsoever character" includes a liability arising in tort. Billmyer Lumber Co. v. Merchants Coal Co. 66 W. Va. 696, 66 S. E. 1073, 26 L.R.A. (N.S.) 1101; Silver King Coalition Mines Co. v. Silver King

Consol. Mining Co. 204 Fed. 166, 122 C. C. A. 402, Ann. Cas. 1918B, 571.

3. It was not competent to prove by parol evidence that the parties understood or agreed that only specific debts aggregating $32,000 were assumed. The rule that parol evidence may not be received to vary a written instrument, does not apply where either of the parties between whom the question arises is a stranger to the instrument. Second Nat. Bank v. Donald, 56 Minn. 491, 58 N. W. 269. But it does apply where the one not a party to the instrument bases his claim upon it and seeks to enforce a right which the instrument gives him. Minneapolis, St. P. & S. S. M. Ry. Co. v. Home Ins. Co. 55 Minn. 236, 56 N. W. 815, 22 L.R.A. 390; Current v. Muir, 99 Minn. 1, 108 N. W. 870. Such a person is in no proper sense a stranger to the instrument. Sayre v. Burdick, 47 Minn. 367, 50 N. W. 245.

4. The fact that the preliminary contract was not signed by the president of the South Dakota corporation is not important. The contract was carried out and the transaction fully consummated.

5. Defendants object to a hypothetical question propounded to plaintiff's medical witness, on the ground that it assumes some facts not in evidence. No such objection was made on the trial. The time to make objection of this preliminary character is when the question is asked, to the end that inaccuracy, if any, may be corrected. If not made then, the objection cannot be raised for the first time on appeal. Spino v. Butler Bros. 113 Minn. 326-331, 129 N. W. 590.

6. The jury returned a verdict for $4,500. The trial court reduced the amount to $3,500. Plaintiff was 63 years old and was earning $2.30 a day. His head was cut. His collar bone was broken. There was a vicious union, the bones united at an angle. He cannot normally raise his right arm. The shoulder joint has about a 40 per cent function. He has permanent paralysis of a facial nerve, and suffers headache and dizziness. The damages are not excessive.

Order affirmed.