## DUNN v. CLINCHFIELD R. CO.

Circuit Court of Appeals, Sixth Circuit.
June 10, 1927.

No. 4680.

**1. Appeal and error** ⬅⟹**171(1)—Assumption by defendant's counsel, counsel also for lessees, of plaintiff's right to sue defendant as entity in place of lessees, will be accepted by appellate court.**

Right of plaintiff to proceed by action as it did, against the C. Company alone as an entity standing in the place of the lessees of a railroad, not being questioned, but assumed, by the counsel for such company, who are also counsel for the lessees, appellate court will accept the assumption.

**2. Railroads** ⬅⟹**134(1)—Lessees of railroad held to have assumed responsibility for claim for lessor's tort arising from prior operation, though not liquidated.**

Lessees of railroad, by agreement in lease to bear, pay, and discharge any and all liabilities, claims, and demands whatsoever, and any and all judgments, decrees, and awards arising out of the same for which lessor is now or may hereafter in any manner be or become liable by reason of its operation or ownership of the leased property prior to its delivery to the lessees under the lease, *held* to have assumed direct responsibility for all claims and demands on lessor of every kind, arising out of operation of the road, including one for tort, and unliquidated.

**3. Novation** ⬅⟹**2—Assumption by lessees of direct responsibility for all claims on lessor from its operation of leased road is an offer of novation, authorizing direct action at law against lessees by third person.**

By provision of lease of railroad by which lessees completely assume direct responsibility for all claim against lessor arising from its operation of the road, there is an offer of novation, which one holding such a claim against the lessor may accept, and complete the novation by direct action at law on the claim against the lessees.

In Error to the District Court of the United States for the Eastern District of Tennessee; Xenophon Hicks, Judge.

Action by Elice H. Dunn, administratrix of Milledge D. Hunnicutt, deceased, against the Clinchfield Railroad Company. Declaration dismissed, and plaintiff brings error. Reversed.

Robert Burrow, of Bristol, Tenn. (Bonham, Price & Poag, of Greenville, S. C., and Burrow & Burrow, of Bristol, Tenn., on the brief), for plaintiff in error.

Ben H. Taylor, of Johnson City, Tenn. (J. J. McLaughlin and Cox & Taylor, all of Johnson City, Tenn., on the brief), for defendant in error.

Before DENISON and MOORMAN, Circuit Judges, and KILLITS, District Judge.

MOORMAN, Circuit Judge. Plaintiff in error filed suit in the District Court against the Clinchfield Railroad Company, as "the corporate successor of Carolina, Clinchfield & Ohio Railway Company," to recover damages for the death of her intestate, who was killed March 8, 1923. Later she obtained leave to amend the declaration and made the Carolina, Clinchfield & Ohio Railway Company, Atlantic Coast Line Railroad Company, and Louisville & Nashville Railroad Company parties defendant, alleging that the Carolina Company, on October 16, 1924, leased its line of railroad to the two last-mentioned compa-

nies, which were operating it under the name of Clinchfield Railroad Company. Process was issued and served on the new parties. At a subsequent term plaintiff withdrew the original declaration as amended, and filed a substituted declaration against the Clinchfield Railroad Company alone. The other defendants asked and were granted permission to withdraw the pleas that they had filed. The Clinchfield Company filed a demurrer to the substituted declaration, which was sustained, and, upon plaintiff's refusal to plead further, the declaration was dismissed.

The substituted declaration alleges that prior to the 16th day of October, 1924, the Carolina, Clinchfield & Ohio Railway, a corporation of the state of Virginia, was operating a railroad running from Spartanburg, in the state of South Carolina, through the towns of Erwin, Johnson City, and Kingsport, Tenn., and St. Paul, in Virginia, to its northern terminus at Elkhorn City, in the state of Kentucky, and was engaged in interstate commerce as a common carrier of freight and passengers; that plaintiff's intestate was an employee of the Carolina, Clinchfield & Ohio Railway Company, and on March 8, 1923, while engaged in the service of that company as a member of a crew in its yards, received injuries which resulted in his death; that on the 16th day of October, 1924, the Carolina Company, by contract in writing, leased all of its property in the state of Tennessee—real, personal, and mixed—consisting of its main track, spur tracks, sidings, branches, and extensions, and all of its equipment, rolling stock, engines, coaches, freight and coal cars, depots, depot grounds, wherever located, but "especially all of said property in Tennessee, together with the right to take and receive all tolls, rents, issues, revenues, income, and profits of the leased property, to the Atlantic Coast Line Railroad Company and Louisville & Nashville Railroad Company (since said lease doing business under the name of the Clinchfield Railroad Company) for a period of 999 years"; that the lessor turned over to the lessees, under the lease, its road equipment, cash on hand, offices, books, papers, its agents, employees in charge of its property, and "went completely out of business," leaving no officer, agent, or employee in the state of Tennessee on whom process against the lessor company could be served; and that on October 16, 1924, the lessees "took over said road, its franchises and property of every kind, character, and description, its agents, servants, and employees, and since that time have been operating under the name of the Clinchfield Railroad Company." It was fur-

ther alleged that, under the statutes of Tennessee and by virtue of article 10 of the contract of lease, the lessee companies were "liable as lessees for all the liabilities of the lessor," including its liability in damages for the death of plaintiff's intestate.

The clause of the lease relied upon reads: "The lessees covenant and agree that they will bear, pay, and discharge, at their own cost and expense, any and all expenses, costs, damages, liabilities, claims and demands whatsoever, and any and all judgments, decrees, and awards arising out of the same, which the lessors or any of them are now or may hereafter in any manner be or become liable for by reason of their operation or ownership of the leased property prior to delivery of the same to the lessees hereunder." The question decided below, and which we must determine, is whether an action for the death of deceased may be maintained against the Clinchfield Railroad Company, which is the name under which the lessees, Atlantic Coast Line Railroad Company and Louisville & Nashville Railroad Company, have operated the railroad of the Carolina, Clinchfield & Ohio Railway Company since October 16, 1924.

It will be observed that it is alleged that the Carolina Company operated a line of railroad from a point in the state of South Carolina, through Tennessee and Virginia, to, a point in Kentucky, and that in terms it is only alleged that under the lease of October 16, 1924 (the lease is not set out in full), the Carolina Company leased "all of its property in the state of Tennessee." Further on in the declaration it is stated that the lessor turned over to the lessees all of its property of every kind, and went completely out of business, and that the lessees took over all the property of the lessor of every kind, character, and description, and since October 16, 1924, have been operating it under the name of the Clinchfield Railroad Company. Notwithstanding the limitation in the first reference to the property included in the lease, it is fairly inferable that the lessee companies acquired all the property of the Carolina Company, of every character and description, in the four states. It is, however, nowhere alleged in the declaration that the Clinchfield Railroad Company is a corporation, or that it is the lessee, but it is explicitly stated that the Atlantic Coast Line Railroad and the Louisville & Nashville Railroad Company are the lessees, and are operating the road under the name of "Clinchfield Railroad Company." Whether the latter company is a corporation or an operating name does not appear. There is a summons in the record purporting to have

been served on that company, and there are pleas to the original declaration as amended and a demurrer to the substituted declaration, all in its name. In none of the pleas or motions has any question been made of the right of the plaintiff to sue the Clinchfield Railroad Company, the name under which the lessees operate the Carolina Company's property.

[1] If Clinchfield Railroad Company is merely the name which the two lessees have adopted to operate the road, those companies could, we think, in a suit brought against them in that name, waive the right to individual service or to a procedure against them as joint lessees operating under such name, and permit the suit to proceed as if brought against them as joint lessees. The right of plaintiff to proceed against the Clinchfield Company as an entity standing in the place of the lessees is assumed by counsel for the Clinchfield Company, who are also counsel for the lessees in this cause. We accept the assumption, and proceed to consider whether an action may be maintained against the Clinchfield Company, as if lessee, to recover damages for a tort committed by the lessor prior to the contract of lease. This is obviously not the same question as whether the lessees, under the contract of lease or an applicable statute, would be liable in an equity action for an ascertained liability of the lessor.

[2] A statute of Tennessee (Shannon's Code, § 1508), which is referred to in the declaration, provides that the lessee of a railroad company shall hold the road subject to "the liens and liabilities" to which it was subject in the hands of the lessor and be bound for "all payments for which the lessor was liable." It is insisted for the Clinchfield Company that that provision of the statute has been repealed. We do not find it necessary to consider that question, because of our interpretation of article 10 of the lease, which contains terms of more general meaning than the statute. In that clause the lessees covenanted and agreed to bear, pay, and discharge any and all * * * liabilities, claims, and demands whatsoever, and any and all judgments, decrees, and awards "arising out of the same," which the lessor was then liable for, or might thereafter in any manner be or become liable for, by reason of its prior operation of the leased property. The clause treats "judgments, decrees, and awards" as something distinct and apart from "expenses, costs, damages, liabilities, claims, and demands." The latter class would include the former, but the former would not include unliquidated damages, claims, or demands. Obviously, therefore, the lessees agreed to do

something more than pay and discharge adjudged liabilities; in our opinion they assumed direct responsibility for all claims and demands against the lessor arising out of its operation of the leased property, whether liquidated or not.

[3] A number of cases have been referred to in argument dealing with the direct liability of a consolidated corporation for the acts of one of its constituent companies, or with a reorganized corporation for the acts of the old company, and others relating to the liability of a company that has been absorbed or taken over by another company, the stockholders of the former being given for their interest therein stock in the absorbing company. See Express Co. v. Downing, 132 Va. 139, 111 S. E. 265; Luedecke v. Cabinet Co., 140 Iowa, 223, 118 N. W. 456, 32 L. R. A. (N. S.) 616; Altoona v. Oil Co., 81 Kan. 717, 106 P. 1025, 26 L. R. A. (N. S.) 651; Railway v. Prewitt, 134 Ind. 557, 33 N. E. 367; New Bedford R. R. Co. v. Old Colony Railway, 120 Mass. 397, and note to Skirvin Co. v. Electric Co., 15 A. L. R. 1104. Statutory and contractual obligations, varying one from another, have been dealt with, as the occasion arose, in determining these questions. None of these cases, however, is precisely in point, and there is no question here of tracing assets, or of the extent of liability as measured by the property received.

The plaintiff bases her claim on the express agreement of the lessees to pay, and such agreements have been held sufficient to support a direct action for tort. Geiger v. Sanitary Farm Dairies, 146 Minn. 235, 178 N. W. 501; Railroad Co. v. Langley, 70 Kan. 453, 78 P. 858; Good v. Lumber & Handle Co., 107 Ark. 118, 153 S. W. 1107, Ann. Cas. 1915A, 544. The lease is for 999 years, and it is alleged that all the property of the lessor of every kind, including its franchise, employees, cash, and accounts, was turned over to the lessees, and that the lessor went completely out of business. There remained of the Carolina Company, to be sure (it not being alleged that there was a formal dissolution of that company), a corporate shell, which plaintiff could have sued, and, if she recovered a judgment, could have enforced it in a court of equity against the lessees; but she is none the less entitled to proceed directly against the lessees, assumed here to be the Clinchfield Railroad Company, if responsibility for her claim was assumed under article 10 of the contract of lease. That provision, we think, was intended to mean that the lessees would take the place of the Carolina Company as to all claims and demands against

it, just as if they had owned and operated its franchises and properties when the claims arose. It was an offer of novation which, while open, might be completed by an express or implied acceptance. Arnold v. Lyman, 17 Mass. 400, 9 Am. Dec. 154; White v. Hunt, 64 N. C. 496; Bay v. Williams, 112 Ill. 91, 1 N. E. 340, 54 Am. Rep. 209.

We do not fail to take account of the rule that the right of a third person to maintain an action on a contract to which he is not a party depends on whether the contract was made for his benefit (Constable v. Steamship Co., 154 U. S. 51, 14 S. Ct. 1062, 38 L. Ed. 903), and the further rule in the federal courts that, if he is neither a party nor privy to the contract, he can sue only in equity (Keller v. Ashford, 133 U. S. 610, 10 S. Ct. 494, 33 L. Ed. 667. They do not apply to a contract where one party so completely assumes the obligations of another that it is to be inferred that he intended to place himself in a position of direct responsibility to others for their claims and demands against that party, in which case a third party may complete the novation, if he chooses, by resorting to the party who by the terms of the contract has been made liable to him.

The judgment is reversed.