Emilio Rivera Maldonado, demandante y apelante, *v.* Central. Pasto Viejo, Inc., demandada y apelada.

No. 5651.—*Sometido:* Enero 9, 1933.  *Resuelto:* Febrero 8, 1933.

*F. Gallardo Díaz,* abogado del peticionario apelante; *Henri Brown,. C. Ruiz Nazario* y *G. E. González,* abogados de la United P. R. Sugar Co.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Solicita el demandante en este caso, en su moción sobre sustitución de parte demandada, que esta acción continúe contra la corporación United Porto Rican Sugar Company y contra los Sres. Fernando Margarida y M. A. Walker,. directores y oficiales de ambas corporaciones Central Pasto Viejo Inc. y United Porto Rican Sugar Company.

Alega el demandante que radicó su demanda contra la demandada en 7 de marzo de 1927, que en 21 de marzo de 1929 la demandada radicó su contestación jurada por don Fernando Margarida, quien hace constar que es vicepresi-

dente de la corporación demandada, que estando pendiente este caso ante este tribunal la demandante radicó en la secretaría de esta corte una moción sobre sustitución de abogado jurada por don Fernando Margarida, quien jura ser director de la compañía demandada Central Pasto Viejo, que luego de haberse dictado sentencia por esta corte el demandante apelante averiguó, haciendo las debidas investigaciones en la Secretaría de Puerto Rico, que la corporación demandada había sido disuelta el día 19 de julio de 1928, siendo entonces directores y presidente y vicepresidente de la misma respectivamente los Sres. M. A. Walker y Fernando Margarida; que el día 23 de agosto de 1928, en Caguas, se otorgó una escritura ante notario, sobre compraventa de fincas y cesión y traspaso de bienes y derechos, por la demandada Central Pasto Viejo a favor de la corporación United Porto Rican Sugar Company, compareciendo en dicha escritura en representación de la Central Pasto Viejo, como presidente de la misma, el mencionado M. A. Walker, y en representación de la corporación United Porto Rican Sugar Company y en su carácter de vicepresidente de la misma, el mencionado Fernando Margarida, que en dicha escritura la Central Pasto Viejo vendió, cedió y traspasó a favor de la United Porto Rican Sugar Company, por el precio de $2,238,269.60, todos sus bienes, derechos y acciones, reservándose en su poder la mencionada corporación United Porto Rican Sugar Company la suma de $1,362,794.60 para pagar todas las obligaciones contraídas por la corporación vendedora Central Pasto Viejo.

Comparece oponiéndose a esta moción la United Porto Rican Sugar Company, alegando que esta corte carece de jurisdicción para conceder el remedio solicitado o cualquier otro que le afecte, sin darle la oportunidad de ser oída y vencida en juicio. Alega además la corporación mencionada que en Puerto Rico no existe ley alguna concediendo jurisdicción a esta corte para autorizar la sustitución de una persona extraña a los procedimientos en las cortes inferiores

en lugar de una parte demandada contra la cual se ha dictado sentencia en apelación por este tribunal.

■■■ El demandante entiende que debe decretarse la sustitución solicitada de acuerdo con el artículo 69 del Código de Enjuiciamiento Civil. Dicho artículo dice así:

"Una acción o procedimiento no termina por la muerte o incapacidad de una de las partes, o por la cesión de cualquier interés en dicha acción o procedimiento, siempre que la causa de uno u otra subsista o continúe. En caso de muerte o incapacidad de una de las partes, la corte, previa moción al efecto, podrá permitir que continúe la acción o procedimiento por o contra el representante o sucesor del muerto o incapacitado. En caso de cualquiera otra cesión de interés, la acción o procedimiento podrá continuarse en nombre de la parte iniciadora, o la corte permitir que la persona a quien se hizo el traspaso quede subrogada en la acción o procedimiento."

El artículo que antecede es idéntico al 385 del Código de Enjuiciamiento Civil de California. Por regla general en casos de trasmisión de intereses es el cesionario o el cedente el que solicita la sustitución. Estos casos no ofrecen dificultades, porque regularmente se resuelven sin oposición y con el consentimiento de las partes en la acción ejercitada. En este caso se solicita la sustitución de la demandada, por la parte demandante, después de haber dictado sentencia esta corte y estando pendiente una moción de reconsideración.

Alega el demandante que la corporación demandada ha sido disuelta y ha muerto, y que esta acción debe continuar contra el representante o sucesor del muerto. No se trata en este caso de un representante legal o sucesor en interés que adquiere derecho para continuar la acción en virtud de la muerte o incapacidad de un litigante. Para resolver la moción presentada por el demandante debemos atenernos a la última parte del artículo 69 anteriormente citado, que se refiere a "cualquiera otra cesión de interés."

En el caso de *Portland Gold Min. Co.* v. *Stratton's Independence Ltd.*, 196 Fed. 714, resuelto por la Corte de Distrito de Colorado, se promovió una acción contra la corporación

demandada, por haberse apropiado ésta para su propio beneficio de ciertos minerales pertenecientes a la demandante. Estando pendiente el litigio la corporación demandada fué disuelta. Las partes presentaron una estipulación a la corte haciendo constar su disolución y alegando la organización de una nueva compañía con el mismo nombre de la corporación disuelta. Se alegó además que "$375,000 pagados en la tesorería de la nueva compañía por personas que no fueron dueñas de acciones en la vieja corporación, se entregaban a ésta para el pago de sus deudas, y que la nueva compañía, en consideración de esta suma y además en consideración de que protegería a la compañía vieja contra sus deudas, responsabilidades y obligaciones, y pagaría, satisfaría y cumpliría las mismas, y adoptaría, ejecutaría y realizaría todos los contratos y compromisos entonces obligatorios, recibía de dicha vieja corporación todas sus propiedades, incluyendo terrenos, edificios, minas, concesiones, bienes, ganado, dinero, créditos, deudas, cuentas, pagarés y derechos de acciones." En virtud de dicha estipulación la corte declaró extinguida la acción en cuanto a la corporación disuelta y ordenó que fuese sustituída por la nueva corporación. Presentó dicha corporación una moción para que se anulara la orden en cuanto a la sustitución y la corte así lo resolvió, interpretando el artículo 15 del Código de Colorado, que es idéntico al 69 de nuestro código, con la única diferencia de que el código nuestro incluye acciones y procedimientos y el código de Colorado se limita a especificar los casos en que no termina una acción, sin incluir la palabra procedimiento.

La Corte de Distrito de Colorado, al conceder la moción y anular la orden de sustitución, se expresó así:

"Las otras disposiciones del código a que indudablemente se hace referencia en la sección anterior, es el artículo 15 de dicho código, que provee lo siguiente:

'Una acción no termina por la muerte o incapacidad de una de las partes, o por la cesión de cualquier interés en dicha acción, siempre que la causa de acción subsista o continúe. En caso de

muerte o incapacidad de una de las partes, la corte, previa moción al efecto, podrá permitir que continúe la acción por o contra el representante o sucesor del muerto o incapacitado. En caso de cualquiera otra cesión de interés, la acción podrá continuarse en nombre de la parte iniciadora, o la corte permitir que la persona a quien se hizo el traspaso quede subrogada en la acción.'

''De la fraseología de este artículo es aparente que la causa solamente puede hacerse subsistir a favor o en contra de las personas que adquieren, bien sea por ministerio de la ley o en alguna otra forma, un interés en la cosa que es objeto del litigio. El objeto de cada una de las causas de acción aquí es el producido o el valor del mineral que se hallaba en manos y era retenido por la antigua compañía, a causa de los distintos actos de conversión y apropiación. Mas no se alega que estos minerales o su producido, o el valor de los mismos, fueran en ocasión alguna entregados a la nueva sociedad por la vieja. No habiéndose demostrado que la nueva sociedad obtuvo de la vieja dichos minerales o su producido o valor, no puede decirse que ella era sucesora de la vieja sociedad o cesionaria de su participación en los asuntos (*subject matters*) aquí envueltos. Desde luego no es en forma alguna representante de la antigua compañía.

''Por tanto no existe ninguna ley del Estado que autorice que subsistan las causas de acción contra la nueva compañía.

''Pero la demandante insiste en que aún si no existiera disposición alguna en los estatutos del estado para que subsista la acción contra la nueva compañía, sin embargo, bajo la sección 954 de los Estatutos Revisados de los Estados Unidos (compilación de 1901, pág. 696), así como de conformidad con la fraseología del Art. 75 del Mill's Code, la nueva compañía puede ser substituída como demandada en lugar de la vieja a manera de enmienda. Dicha sección 954 ha sido interpretada liberalmente por todas las cortes federales en el sentido de conceder enmiendas. McDonald v. State of Nebraska, 101 Fed. 171, 41 C.C.A. 278, y otros casos allí citados.

''De acuerdo con este artículo se puede eliminar el nombre de un demandado cuando la acción se inicia contra varios demandados; Greeley v. Smith, 3 Story 76 Fed. Cas. No. 5,747; aunque la causa de acción incoada contra los demandados originales adujera una responsabilidad solidaria solamente; Tobey v. Glaflin, 3 Summ. 379 Fed. Cas. No. 14,066. Pero me ha sido imposible hallar autoridad alguna que permita que se elimine un solo demandado y se le sustituya con otro. Los actos de conversión por la parte demandada alegados en la demanda fueron cometidos antes de organizarse la

nueva compañía. De conformidad con los hechos estipulados la nueva compañía puede ser contractualmente responsable del valor de los minerales de la demandante de que la vieja compañía se apropió. Con el objeto de hacer responsable a la nueva compañía, en caso de que se le considere como demandada, sería necesario enmendar la demanda agregando a la misma alegaciones al efecto de que ésta, por causa (*consideration*) recibida de la vieja compañía, había asumido y convenido en asumir, las responsabilidades de la antigua compañía por dicha apropiación. Esa alegación aduciría una causa de acción *ex contractu* contra la nueva compañía, mientras que la demanda original se funda en un acto torticero. De suerte que la enmienda solicitada resultaría en un cambio radical tanto en las partes como en la substancia del litigio. No se ha citado autoridad alguna que en mi opinión permita esto.''

El demandante cita el caso de *Geiger* v. *Sanitary,* 178 N. W. 501, decidido por la Corte Suprema de Minnesota, donde se resuelve que cuando el comprador de la propiedad de una corporación asume en un convenio escrito todas las responsabilidades y deudas de cualquier carácter de la corporación vendedora, asume también una obligación de pagar una responsabilidad existente derivada de una acción *ex delicto.* No podemos nosotros basarnos en esta razón para resolver favorablemente la moción del demandante. Si así lo hiciéramos estaríamos resolviendo en un incidente sobre sustitución de partes las responsabilidades que haya podido asumir la corporación United Porto Rican Sugar Company en el contrato que se alega celebró con la Central Pasto Viejo. En el caso de *Geiger* v. *Sanitary, supra,* no se trató la cuestión de sustituir una parte por otra. La transmisión de intereses alegada en este caso no recae directamente sobre el objeto de la acción ejercitada por Emilio Rivera Maldonado. Se alegan en una moción jurada hechos que necesitan ser probados y que pueden ser objeto de una controversia. Nosotros, sin anticipar juicio alguno con respecto al alcance que pudieran tener estas alegaciones, entendemos que no procede la sustitución solicitada por el demandante.

La Corte Suprema de California ha resuelto que en casos

de transmisión de interés debe alegarse la cesión de dicho interés por medio de una demanda o contestación complementaria. La Corte Suprema de los Estados Unidos, en el caso *In re Connaway, Rec'r of Moscow Nat. Bank,* 178 U. S. 431, procedente del estado de California, se expresó así:

"El procedimiento en California, en el caso de la muerte del demandado antes de haber sido emplazado, no ha sido resuelto, pero en caso de muerte después del emplazamiento, se dijo en Taylor v. Western Pacific R. R. Co., 45 Cal. 323, en la página 337:

'Ha sido la práctica constante del Estado desde su organización, de acuerdo con nuestra información, permitir la sustitución al sugerirse la muerte de la parte original y presentarse prueba satisfactoria mediante moción jurada del nombramiento y toma de posesión del cargo de administrador.'

"Esta regla ha sido ratificada en Campbell v. West, 93 Cal. 653. Se ha dado énfasis a esta práctica, contrastándola con el caso de una transmisión de interés no ocasionada por muerte. En este caso la corte dijo que cuando los procedimientos han sido puestos en moción por el demandante o la persona a quien se hizo la cesión, o por el demandado, si por cualquier razón desea valerse de tal cesión para cualquier propósito, debe establecer la alegación por medio de una demanda o contestación complementaria."

El caso de *Campbell* v. *West, supra,* fué decidido interpretando el artículo 385 del Código de Enjuiciamiento Civil de California. Esta doctrina fué ratificada en el caso de *Ford* v. *Bushard,* 48 Pac. 119. Bancroft, en su obra "Code Pleading", tomo 1º., pág. 837, dice que "cuando un demandado cede su interés *pendente lite* el demandante original, con el fin de adquirir jurisdicción sobre la persona del demandado, si así lo desea, debe adquirir tal jurisdicción mediante una demanda complementaria."

Opinamos que esta corte carece de jurisdicción para acordar la sustitución en este caso en que la parte demandante solicita que se sustituya a la demandada Central Pasto Viejo por la United Porto Rican Sugar Company. Esta corte puede actuar en casos de muerte o incapacidad debidamente decretada, pero cuando se trate de la transmi-

sión de "cualquier otro interés" en que puede surgir controversia, la cuestión debe plantearse oportunamente ante la corte inferior por medio de una alegación complementaria de acuerdo con la jurisprudencia de California anteriormente citada.

La Corte Suprema de dicho estado, en el caso de *Fay* v. *Steunbenrauch et al.*, 72 Pac. 156, dice, resolviendo una moción de sustitución, que en casos de apelación a dicha corte, la causa es elevada de la corte superior únicamente con el propósito de dar amplia y completa jurisdicción a la Corte Suprema en aquellas materias que son propias de apelación. Entiende la corte que en la generalidad de los casos el propio procedimiento debe ser obtener la orden de sustitución en la corte sentenciadora y solicitar, con la presentación de dicha orden, una sustitución igual en la Corte Suprema, y que en aquellos casos en que la sustitución se obtenga en la Corte Suprema, debe hacerse idéntica sustitución en la corte sentenciadora (*superior court*).

*Por las razones expuestas debe desestimarse la moción del demandante.*